OPINION
This appeal is taken by plaintiff-appellant Wendy Jo Mills n/k/a Wendy Jo Tinnerello ("Tinnerello") from a judgment of the Court of Common Pleas of Union County, Domestic Division.
On February 10, 1995, Tinnerello and defendant-appellee Chester E. Mills ("Mills") were divorced. Tinnerello was designated as residential parent of the three minor children and Mills was granted standard visitation. In May or June of 1997, Mills moved to Iowa. On June 9, 1998, Tinnerello filed a motion to restrict companionship, to recalculate child support and to review the health insurance for the children. Tinnerello withdrew the motion to recalculate the child support on July 1, 1998.
On July 2, 1998, the trial court held a hearing on the issues of companionship and the health insurance. The parties agreed that they would equally split any uncovered medical expenses. After some general discussions with the trial court, the parties agreed to a visitation plan by the terms of which Mills would have the children for six weeks in the summer, one week of Christmas vacation and every other Easter break. The trial court then ordered the parties to split the cost of transporting the children for visitation. When Tinnerello complained about the cost on the grounds that she is a homemaker and has no income, the trial court modified its decision and ordered Mills to bear the complete cost of transportation for Easter break and for the parties to split the transportation costs for summer and Christmas visits. It is from this judgment that Tinnerello appeals.
Tinnerello makes the following assignment of error.
 The trial court erred in requiring Tinnerello to share in the cost of transportation of the children for purposes of companionship with Mills.
A judgment relating to child custody will not be reversed absent an abuse of discretion. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. "A decision is unreasonable if there is no sound reasoning process that would support that decision." AAAAEnterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601.
In this case, Tinnerello argues that the trial court's decision was unreasonable because it did not take into consideration the fact that she was a homemaker and had no source of income. However, Tinnerello's attorney raised this argument in the trial court. The trial court then considered her argument and modified its ruling so that Tinnerello was no longer required to pay any of the costs for Easter break. A review of the distribution of transportation costs shows that Tinnerello is responsible for one-third (two of the six trips) and Mills is responsible for two-thirds (four of the six trips) of the costs.
Tinnerello argues that this result is unreasonable because the trial court did not review the child support worksheet. However, Tinnerello has not shown how a review of the worksheet would have resulted in a different outcome. Tinnerello argues only that the split is unfair. Yet, absent some specific showing that the trial court's ruling is unreasonable, unconscionable or arbitrary, we perceive no abuse of discretion. Thus, the assignment of error is overruled.
The judgment of the Court of Common Pleas of Union County, Domestic Relations Division is affirmed.
Judgment affirmed.
 SHAW, J., concurs.