Plaintiff-appellant, Julie Lynn Foltz, appeals a Warren County Court of Common Pleas, Domestic Relations Division, decision granting a motion filed by defendant-appellee, Wayne V. Foltz ("Foltz"), for change of custody. We affirm.
Michael Wayne Foltz, son of appellant and Foltz, was born on July 13, 1988. Shortly thereafter, appellant and Foltz were married. On December 9, 1993, the trial court dissolved the parties' marriage and awarded appellant custody of Michael. On January 27, 1998, Foltz filed a motion seeking custody of Michael. On February 4, 1998, a hearing was held. At the hearing, it was established that (1) on July 6, 1996, appellant was convicted of a felony drug offense for possession of cocaine; (2) sometime between 1993 and 1998, appellant was convicted of a misdemeanor for driving under the influence; (3) Michael has a learning disability; (4) Michael's grades were failing; (5) Foltz provided a tutor for Michael and his grades had improved; (6) Michael, while in appellant's custody, had a record of excessive tardiness and absences at school; and (7) Michael is in the fourth grade, but can only read at a second grade level.
On February 24, 1998, a magistrate issued a decision finding a change of circumstances, but concluded it was in Michael's best interest to remain in appellant's custody. On March 9, 1998, Foltz filed objections to the magistrate's decision. On July 22, 1998, the trial court sustained Foltz's objections, and ordered that the custody of Michael be awarded to Foltz and appellant be given visitation. Appellant filed a timely appeal and asserts one assignment of error:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND IN GRANTING APPELLEE'S MOTION FOR CHANGE OF CUSTODY.
In her sole assignment of error, appellant argues that the trial court erred when it considered one factor, her prior convictions, when it found a change in circumstances. In addition, appellant argues that there was no credible or competent evidence to support the trial court's finding that it would be in Michael's best interest to grant Foltz's motion for change of custody. We disagree.
When a trial court is confronted with a motion to modify custody, it shall make a finding as to whether a change in circumstances has occurred. Davis v. Flickinger (1997), 77 Ohio St.3d 415,416. R.C. 3109.04(E)(1)(a) states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
After a finding of change of circumstances, the trial court must then determine whether it would be in the child's best interest to change custody. There are several factors enumerated in R.C. 3109.04(F)(1) that the trial court must consider in evaluating the child's best interest, including:
 (a) The wishes of the child's parents regarding care;
(b) * * * the child's wishes * * *;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interests;
 (d) The child's adjustments to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor * * * visitation[.]
A trial court shall be given wide latitude in making such determination. Id. As such, a reviewing court shall not disturb a trial court's order to change custody absent an abuse of discretion. Deimling v. Messer (Mar. 16, 1998), Clermont App. No. CA97-07-070, unreported, at 6. Abuse of discretion denotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. No abuse of discretion will be found provided there is a "substantial amount of credible and competent evidence" to support the trial court's findings. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 23.
In the present case, the trial court affirmed the magistrate's finding that there had been a change of circumstances. The magistrate considered appellant's convictions, but did not find her testimony that the convictions were isolated incidents to be credible. In addition, Michael's attendance record at school was a factor that the magistrate reviewed. The record reflects that in first grade, Michael had twenty tardies and in second grade he had twelve absences and had twenty-four tardies. During the first nine weeks of the current school year, Michael had already accumulated five absences and eight tardies. The magistrate found that Michael had excessive absences and tardies and that it was appellant's responsibility to get her son to school. The magistrate did not find appellant's excuse that Michael was not a "morning person" justifiable.
In addition, the trial court found that appellant did not recognize Michael's learning disability, and did not provide additional help to improve Michael's school performance. Further, it was established that Michael should have been held back in second grade since he was experiencing an inability to complete his school work at a second grade level. Foltz supported this option, but appellant opposed this idea and insisted that Michael advance to the third grade. Michael was promoted to third grade; however, his poor school performance continued. As a result, Foltz obtained a tutor for Michael.
Based upon the foregoing, we find that the trial court considered additional factors besides appellant's convictions when it concluded that there had been a change of circumstances.
Next, appellant argues that the trial court abused its discretion by finding that it is in Michael's best interest to remove him from appellant's custody and to place him in Foltz's custody. The trial court rejected the magistrate's finding of best interest because the magistrate placed too much emphasis on Michael's wishes. The magistrate found that placing Michael in Foltz's custody would be placing the child in a strange environment against his wishes. Further, the magistrate felt that since Michael's scholastic performance had improved, there was no need to change custody.
However, R.C. 3109.04(F)(1) requires a trial court to consider several factors, not just the child's wishes. The trial court considered Michael's wishes, and found that since Foltz provided a more disciplined home, it was apparent why Michael favored appellant over Foltz. Next, the trial court considered Foltz's employment and home life. Foltz has stable employment, is remarried, and has involved Michael in sports activities. In addition, Foltz has Michael's grandmother tutoring Michael to help improve his scholastic performance. Further, Foltz's wife, Sandy, has involved herself in Michael's activities and as a result, they have a good relationship. It is apparent that this ongoing interaction and involvement in Michael's life would not result in placing Michael in a strange environment if Michael was placed in Foltz's custody. Further, the trial court recognized that appellant has not involved Michael in any activities, has not been involved in helping to improve Michael's scholastic performance, and has established a pattern with Michael that it is not important to get up on time to attend school.
Based upon the above factors, we find that the trial court was within its discretion by concluding that the magistrate did not consider all relevant factors. Further, we find that the trial court properly considered the factors of R.C.3109.04(F)(1) in determining Michael's best interest. As a result, the trial court did not abuse its discretion when it found that Michael's best interest was achieved by granting residential custody to Foltz.
Appellant has argued that the trial court's findings were unsupported by the record. Appellant argues further that the trial court was biased due to the language the trial court used to explain its decision. The characterizations[1] by the trial court as to the places frequented by appellant, the company she keeps and her lifestyle, while colorful, may have been better left unsaid. However, they do not demonstrate bias. Accordingly, the assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] The trial court stated in its decision that appellant's place of work is a "notorious spot where truck drivers come and go and a lot of drug and alcohol abuse takes place," and that the "[m]other's lifestyle suggests that she is interested in consuming drugs and alcohol and having a good time with her boyfriend * * * [and] she is simply too interested in her own hedonistic pleasures to fully commit herself to Michael's best interests [sic]."