BECHTOL, APPELLEE, *v.* BECHTOL, APPELLANT.

[Cite as Bechtol *v.* Bechtol (1990), 49 Ohio St. 3d 21.]

(No. 88-1922—Submitted December 6, 1989—Decided February 14, 1990.)

*Barbeau & Hake* and *Carol C. Hake,* for appellee.

*Kennedy & Zugelter* and *Michael A. Kennedy,* for appellant.

WRIGHT, J. As noted in the facts above, the court of appeals indicated the basis for its reversal was the trial court's abuse of discretion in awarding custody to Joseph Bechtol by failing to give proper weight to the fact that Nancy Bechtol was the child's primary caregiver. Our review of the record leads us to a contrary conclusion.

There is no doubt that in this case either parent would be a fit person for custody of the child involved. A finding for either parent could be premised upon this record. Under R.C. 3109.04, the domestic relations court decides to whom the care, custody and control of a minor child shall be awarded, giving paramount consideration to the best interests of the child. See *Charles* v. *Charles* (1985), 23 Ohio App. 3d 109, 23 OBR 175, 491 N.E. 2d 378. In any determination of this nature, the trial court must consider all relevant factors, including but not limited to those enumerated in R.C. 3109.04(C)(1) through (5):

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."

The court of appeals properly noted that in Ohio a trial court in forming a custody order should give due consideration to which parent performed the role as primary caregiver. However, the error here is the court of appeals' finding that the trial court did not properly consider this factor. In its findings of fact the trial court specifically noted that "* * * the Plaintiff [Nancy Bechtol] provided services as a homemaker and child caretaker [caregiver] during the marriage. * * *" The trial court also noted that Nancy Bechtol did not work outside the home during the marriage and only recently had become employed.

The court of appeals found that it would be "* * * ill advised and imprudent to disrupt the pattern to which the child has become accustomed." Even assuming this to be the case, this conclusion falls short of the oft-repeated test that a finding of abuse of discretion must imply a decision that is "'* * * unreasonable, arbitrary or unconscionable.'" *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219, 5 OBR 481, 482, 450 N.E. 2d 1140, 1142. See, also, *Trickey* v. *Trickey* (1952), 158 Ohio St. 9, 13-14, 47 O.O. 481, 483, 106 N.E. 2d 772, 774.

A careful review of the record in this case reveals competent, credible evidence to support the trial court's award of custody to Joseph Bechtol. Thus, we hold that where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. We are mindful of our prior holding in *Trickey, supra,* at 13, 47 O.O. at 483, 106 N.E. 2d at 774, where we said:

"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by the printed record."

Our review of the record reveals that evidence was presented on almost every factor found in R.C. 3109.04(C) for consideration by the trial court. Some of the factors were not disputed, but it is for the trial court to resolve disputes of fact and weigh the testimony and credibility of the witnesses. See *Pasqualone* v. *Pasqualone* (1980), 63 Ohio St. 2d 96, 17 O.O. 3d 58, 406 N.E. 2d 1121.

Much is made by appellant of the court of appeals' reference to the "tender years" doctrine in its opinion. The General Assembly has spoken on this issue through R.C. 3109.03 by indicating:

"When a husband and wife are living separate and apart from each other, or are divorced, and the question as to the care, custody, and control of their offspring is brought before a court of competent jurisdiction, they shall stand upon an equality as to the care, custody, and control of such offspring, so far as parenthood is involved."

We believe that trial courts in con-

sidering and weighing the issue of who is the primary caregiver will give due consideration to the state of an infant child in a controversy concerning custody.

Appellant in his second proposition of law argues that the record does not support a need for sustenance alimony under R.C. 3105.18 and that the trial court abused its discretion in making such award. We agree with the court of appeals that the alimony award was not an abuse of discretion. Alimony is both needed and warranted here. A trial court has considerable but not unbridled discretion in fashioning sus-tenance alimony awards. See *Blakemore* v. *Blakemore, supra.*

Accordingly, for the reasons aforesaid, the decision of the court of appeals is affirmed in part and reversed in part and the trial court's award of custody to Joseph Bechtol is reinstated.

*Judgment affirmed in part
and reversed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.