OPINION
Plaintiff-appellant, Deborah Davis Khulenberg, appeals a decision by the Butler County Court of Common Pleas, Division of Domestic Relations. We affirm in part and reverse in part.
The parties were divorced on April 13, 1989. At the time of the divorce, the parties had one child named Jason, born on August 19, 1983. The divorce decree awarded appellant exclusive custody and control of Jason, and granted defendant-appellee, Jackie H. Davis, reasonable visitation. Appellee was ordered to pay appellant child support.
Appellee filed a motion for an order of visitation and for a permanent restraining order against appellant on March 2, 1995. On May 22, 1995, appellant filed motions for: (1) an increase in child support; (2) a permanent restraining order; (3) contempt for failure to pay medical bills; and (4) an award of attorney fees and costs incurred while litigating the contempt motion.
On June 16, 1995, a magistrate granted both parties' restraining orders and outlined a visitation schedule to be followed by the parties. The magistrate also held that appellee was to pay his portion of the medical bills within thirty days. The magistrate stated that because appellant's motions regarding child support and contempt were not served seven days before the hearing date of May 26, 1995, a new hearing date would be set. The original date for the hearing was to be July 6, 1995, but appellant's counsel made a motion for a continuance. The motion for a continuance was granted and the magistrate scheduled the hearing to be held on September 19, 1995.
Appellee's counsel failed to appear at the September 19, 1995 hearing. The magistrate held that there should be an increase in child support from $70 per week to $119 per week. The magistrate stated that appellant testified that appellee had paid the medical bills since the July 6, 1995 hearing. The magistrate also held that "the sanction of $200.00 for attorney fees and $50.00 for costs is staid [sic] on condition that the medical bills order * * * is complied with."
On August 18, 1995, appellee filed a motion for a modification and reallocation of parental rights and responsibilities. The magistrate held a hearing on this motion on September 29, 1995. The magistrate ordered the parties to be evaluated by the Children's Diagnostic Center, and set the case for a final hearing before the trial court on January 5, 1996.
Appellee filed an objection on October 2, 1995 to the magistrate's order from the September 19, 1995 hearing. Appellee stated that a misunderstanding had occurred resulting in counsel not being present at the September 19, 1995 hearing. Appellee also argued that the magistrate abused his discretion by: (1) accepting appellant's assertion that she incurred $1,500 in work-related child care expenses annually for Jason; (2) failing to find that the modified child support amount was calculated according to the child support guidelines; (3) finding that the substantially increased child support order should be retroactive to June 1, 1995 without a finding to support such an order; and (4) finding that appellant was entitled to an award of attorney fees and costs without a finding that appellee was in contempt.
The trial court set aside the magistrate's September 19, 1995 decision on November 9, 1995. The trial court stated that the issues of increased child support and contempt of court would be heard with the motion for modification of parental rights and responsibilities on January 5, 1996. The trial court then held four days of hearings and issued a decision on June 26, 1996. The court held that appellee would be the residential parent during the school year and appellant would be the residential parent during the summer. The court also held that appellant should pay child support of $45 weekly. The court noted that appellee was in arrears in child support $7,076 and held that appellant's child support obligation would be credited against appellee's arrearage until the arrearage amount was paid. The court also found that appellee was in contempt for failing to pay his share of medical expenses and ordered him to pay the balance by August 1, 1996.
Appellant requested findings of fact and conclusions of law and filed a motion for clarification on July 10, 1996. One of the issues appellant wanted to have clarified was:
 On the issue of child support, [appellant] had filed a Motion for an Increase in Support in May of 1995, which increase was granted by [the magistrate] effective June 1, 1995. Because [appellee] and his attorney did not appear, although given notice, this court permitted the issue of child support to be reheard along with the Motion for a Change of Custody. The court in its decision did not address the increase in child support that should have been effective June 1, 1995, through the date that custody is changed. [Appellant] should not be penalized for [appellee's] failure to appear, and should be awarded increased child support for that time period.
Appellant also stated "[a]lthough the court found [appellee] to be in contempt for failure to pay medical bills, the court did not address [appellant's] request for attorney fees as a result of the contempt finding."
The trial court responded to appellant's request on July 15, 1996. The court addressed its decision to change residential parents and found that there was a change of circumstances as required by R.C. 3109.04(E)(1)(a) because:
 the child is now twelve years of age and shares many interests and activities with [appellee]. In addition, [appellee] has substantially changed his lifestyle since the first order. He has remarried. He has discontinued substance abuse. He regularly attends church and, in general, has adopted a stable and responsible lifestyle. The court finds that all of these changes have occurred since the date of the last order and are sufficient to meet the first standard set out in the statute.
The trial court did not address appellant's motion for a modification of child support, nor appellant's request for attorney fees as a result of the contempt finding. Appellant appeals the trial court's June 26, 1996 ruling and presents three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY FAILING TO ORDER AN INCREASE IN THE AMOUNT OF CHILD SUPPORT PAID BY THE APPELLEE TO THE APPELLANT ON BEHALF OF THE MINOR CHILD, RETROACTIVE TO THE FILING DATE OR THE PREVIOUS HEARING DATE.
Appellant argues that the trial court should have found that she was entitled to an increase in child support. We are unable to decide whether the court properly decided if appellant was entitled to an increase in child support because the trial court never ruled on appellant's motion. The trial court set aside the magistrate's September 19, 1995 decision to increase child support on November 9, 1995 and held that the issue regarding the increase of child support would be heard on January 5, 1996. There is no other indication that the trial court ruled on the motion. Further, appellant requested a finding concerning the increase of child support after the trial court's decision on June 26, 1996. The trial court did not respond to appellant's request.
Although a trial court has a wide range of discretion in ruling upon motions, the court still has a responsibility to actually rule upon appellant's motion for an increase of child support. Sherrod v. Landon (1963), 7 Ohio App.2d 254, 255; C.P.Sup.R. 6(A). Accordingly, we find that the trial court erred in not ruling on appellant's May 22, 1995 motion for an increase of child support. Therefore, we remand the case to the trial court and direct the court to conduct the necessary proceedings to determine whether: (1) appellant was entitled to an increase of child support according to her motion filed on May 22, 1995; and (2) if appellant is entitled to an increase, a finding concerning the proper amount appellant is entitled to receive from appellee. Appellant's first assignment is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY FAILING TO ORDER THE APPELLEE TO PAY THE APPELLANT'S ATTORNEY FEES AND COURT COSTS, PURSUANT TO LOCAL COURT RULE, WHEN THE COURT FOUND THE APPELLEE TO BE IN CONTEMPT.
Appellant argues in her second assignment of error that the court is required to assess attorney fees and costs against a person who has been found in contempt of a court order regarding child support or visitation pursuant to R.C. 3109.05(C) and3109.051(K). R.C. 3109.05(C) states:
 If any person required to pay child support under an order made under division (A) of this section * * * is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt * * *.
The expenses in question are Jason's medical expenses, and the definition of child support may include a child's medical expenses. R.C. 3109.05(A)(1).
While appellant is correct that a finding of contempt for failure to pay child support requires the court to assess court costs and attorney fees, it is unclear why the trial court found appellee in contempt. The trial court's decision on June 26, 1996 states:
 Regarding the payment of medical expenses, the court finds that [appellee] is in contempt of court for failure to pay his share of those expenses. He shall purge the contempt charges by paying his outstanding balance by August 1, 1996.
A review of the record reveals that appellee paid the medical expenses before the June 26, 1996 decision. During the May 24, 1996 hearing, appellant stated that appellee had already paid the amount owed in full. Later in that hearing, the court asked appellant's counsel "are you going after a contempt finding on these [medical expenses] even though they have been paid?"
According to the wording of the June 26, 1996 decision, if appellee paid the medical expenses before August 1, 1996, appellee would be purged of the contempt charge. Since appellee had already paid the medical expenses, appellee's contempt charge was purged, and the mandatory attorney fees and court costs of R.C. 3109.05(C) do not apply.
The record also contains an agreed entry dated October 1, 1996 signed by the parties, their counsel, and the trial court judge, which states "[appellant's] motion for contempt is hereby dismissed by agreement, without findings, award of fees or costs." We construe this entry as a dismissal of appellant's motion for contempt for failure to pay medical expenses because no other written motion for contempt exists in the record. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT BY MODIFYING THE PARENTAL RIGHTS AND RESPONSIBILITIES OF THE PARTIES SO THAT THE FATHER IS THE RESIDENTIAL PARENT DURING THE SCHOOL YEAR AND THE MOTHER IS THE RESIDENTIAL PARENT DURING THE SUMMER.
Appellant argues that the trial court erred in modification parental rights and responsibilities concerning Jason. Appellant argues that the court erred by finding: (1) a change of circumstances; (2) the change was in Jason's best interest; and (3) the advantages of a change outweigh the disadvantages.
Appellant first argues that the trial court improperly found a change of circumstances. R.C. 3109.04 outlines the procedure for the modification of parental rights and responsibilities:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
The Ohio Supreme Court has recently held that "R.C. 3109.04
requires a finding of a `change of circumstances.' Such a determination when made by a trial judge should not be disturbed, absent an abuse of discretion." Davis v. Flickinger (1997),77 Ohio St.3d 415, paragraph one of the syllabus. The standard for abuse of discretion is that the award of custody is not supported by a substantial amount of credible and competent evidence. Davis at 418, following Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus. It is even more crucial in a child custody case for a reviewing court to not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the court. Davis at 419.
In its July 15, 1996 findings of fact and conclusions of law, the trial court listed the following reasons why it found a change of circumstances: (1) Jason is now twelve years of age; (2) Jason shares many interests and activities with appellee; (3) appellee has substantially changed his lifestyle since the first order; (4) appellee has remarried; (5) appellee has discontinued substance abuse; (6) appellee regularly attends church and; (7) appellee has adopted a stable and responsible lifestyle.
First, reasons three through seven are not valid reasons for a finding of a change of circumstances because they are changes in the nonresidential parent's circumstances (appellee). R.C.3109.04(E)(1)(a) requires a change of circumstances in the child or the residential parent except in a shared parenting decree. Jacobs v. Jacobs (1995), 102 Ohio App.3d 568, 578. While reason number two may be true, it does not outline a change of circumstance. Reason number one is not a proper reason because "[a]ge alone is not a sufficient factor to find a change of circumstances." Fisher v. Campbell (June 23, 1997), Butler CA96-11-248, unreported, at 8, following Davis v. Flickinger (1997), 77 Ohio St.3d 415, 420. "If this were a sufficient change of circumstances, then there would be no reason to impose this requirement — children always grow older." Jacobs at 578.
However, the trial court in its June 26, 1996 decision listed other factors that constitute a finding of a change of circumstances as required by R.C. 3109.04(E)(1)(a). The trial court commented that Jason "has indicated a strong preference to reside primarily with his father [appellee]." The trial court also found that "there is a long history of difficulty between [the parties] regarding visitation with Jason." The court also found that there was a need for Jason to be with appellee.
While it is true that "a trial court may abuse its discretion by finding a change of circumstances based solely upon a child's wishes and concerns," Butland v. Butland (June 27, 1996), Franklin App. No. 95APF09-1151, unreported, at 10, discretionary appeal not allowed (1996), 77 Ohio St.3d 1492, the combination of facts including Jason's wishes, Jason's age, and the long history of difficulty between the parties, is sufficient for a finding of a change of circumstances. Davis at 419-420; Butland at 11-12.
Appellant next argues that the trial court did not address why naming appellee as residential parent during the school year is necessary to serve the best interest of the child. R.C.3109.04-(E)(1)(a). When determining what is the child's best interest in a modification of a child custody order, the court shall consider (but is not limited to) the factors listed in R.C. 3109.04(F)(1)(a). After having reviewed the record, it is apparent that the trial court considered many of these factors, including: Jason's wishes, (F)(1)(b); Jason's interaction with his parents, (F)(1)(c); Jason's adjustment to his home, school, and community, (F)(1)(d); and the mental and physical health of all persons involved in the situation, (F)(1)(e).
Finally, appellant argues that the disadvantages of a change of custody outweigh the advantages. R.C. 3109.04(E)(1)(a)(iii). In its July 15, 1996 findings of fact and conclusions of law, the trial court held that the "court specifically finds that the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child pursuant to R.C. 3109.04(E)(1)(a)(iii)." After having reviewed the record, we do not find that the trial court abused its discretion by drawing this conclusion. Appellant's third assignment of error is overruled.
Accordingly, we overrule appellant's second and third assignments of error and sustain appellant's first assignment of error.
Judgment affirmed in part, reversed in part and remanded.
YOUNG, P.J., and WALSH, J., concur.