OPINION
Defendant-appellant, Joseph E. Miller, appeals the Butler County Court of Common Pleas, Domestic Relations Division, award of child and spousal support to plaintiff-appellee, Pamela S. Miller.
The parties were married on June 30, 1984, and they have two minor children. On December 5, 1995, appellee filed for divorce. The trial court held a final hearing on December 11, 1996. Appellant is a railroad engineer. His base pay is slightly less than $40,000. Appellant, however, works a substantial amount of overtime, and has earned substantially more than $40,000 in recent years. Appellant earned $70,000 in 1994. In 1995, he earned $64,000. Appellant underwent surgery for prostate cancer on April 2, 1996, and did not return to work until the end of May. Due to stress from the operation and the pending divorce, appellant cut back on overtime in 1996. He estimated that he would only earn $46,000 that year. At the time of the hearing, however, appellant had no health restrictions on his ability to work.
Appellee has custody of the parties children. She works as a waitress, and earns about $10,000 a year. She has a tenth grade education, and during the marriage she did very little work outside the home. Besides ordinary living expenses, appellee pays $20 a day for child day-care.
In its final decision, the trial court ordered appellant to pay appellee $10,000 and child support based upon an estimated annual earning capacity of $54,000. The trial court also ordered appellant to pay appellee $800 per month in spousal support over the next three years. In calculating spousal support, however, the trial court used a more conservative estimate of appellant's earning capacity. The trial court made its spousal support determination based upon its estimate that appellant would earn $50,000 a year in the future.
Under a single assignment of error on appeal, appellant argues that the trial court's spousal and child support awards are not supported by the evidence. Appellant specifically complains about the trial court's factual findings as to his earning capacity. He also complains that his total support obligation creates undue hardship.
The trial court has wide discretion in fashioning spousal support. See Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24. This court will not reverse a support award absent an abuse of discretion. See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. Moreover, questions regarding the credibility of the evidence are generally for the trier of fact. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
The trial court's estimate of appellant's earning capacity is supported by evidence in the record. Appellant himself estimated his earning capacity at $54,000 in calculating his child support obligation under the child support guidelines. Appellant indicated at the hearing that the $54,000 figure was based upon his average income over the last three years. In fact, appellant's three year average income between 1994 and 1996 comes to $60,000, not $54,000. The trial court did not abuse its discretion in adopting appellant's own estimate of his earning capacity. In arriving at a spousal support award the trial court applied a more conservative estimate of appellant's earning capacity — $50,000. The trial court's decision to use a lower estimate of earning capacity in calculating spousal support, however, only inures to appellant's advantage.
Appellant also argues that his total support obligation creates undue hardship. However, as this court wrote in Halderman v. Halderman (Aug. 24, 1994), Butler App. No. CA93-12-240, unreported, the trial court could not simply adopt appellant's estimated budget and conclude that there was little or nothing left for appellee. The trial court had to weigh appellant's evidence regarding his ability or inability to afford a given level of support against appellee's need for that support. Although there is no requirement that the trial court order a level of support that renders the parties' standards of living exactly equal, the trial court was obligated to consider appellee's basic requirements.
After thoroughly reviewing the record, this court is convinced that the trial court properly weighed all of the evidence in arriving at its child and spousal support awards. Appellant's single assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.