JOURNAL ENTRY and OPINION
{¶ 1} Patricia Gill appeals from an April 12, 2001 judgment of the juvenile court which granted permanent custody of her son, Christopher, to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). On appeal, she claims that the court's decision is not supported by competent, credible evidence; that the court demonstrated bias in its examination of a witness; that the court denied her due process by failing to create a complete transcript of the proceedings; and that the court failed to properly serve Christopher's father with notice of the custody hearing. After a careful review of the record and applicable law, we have concluded that the record does not support the court's determination that the grant of permanent custody of Christopher to CCDCFS is in his best interest. Accordingly, we reverse the judgment and vacate it.
{¶ 2} The record reflects that in October, 1999, immediately after Christopher was born, CCDCFS took him into agency custody, and since then, he has been in his current foster placement.
{¶ 3} On January 25, 2000, the juvenile court committed Christopher to the emergency temporary custody of CCDCFS. The next day, CCDCFS filed a complaint alleging neglect and dependency and sought permanent custody of Christopher.
{¶ 4} On May 25, 2000, the court held an adjudicatory hearing, where it found Christopher to be dependent. It then conducted a dispositional hearing, and on April 12, 2001, the court awarded permanent custody of Christopher to CCDCFS in conformity with its findings that the child could not be placed with the parents within a reasonable time and should not be placed with either parent and that the grant of permanent custody was in the best interests of the child.
{¶ 5} Patricia now appeals from that order and presents four assignments for our review. The first states:
 {¶ 6} THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY TO CCDCFS WHEN THE DECISION WAS NOT SUPPORTED BY THE EVIDENCE.
{¶ 7} Patricia maintains that the evidence does not support the court's granting of permanent custody; in particular, she maintains that because she had a good relationship with Christopher and has complied with all the requirements of her case plan, the granting of permanent custody is not in his best interest.
{¶ 8} As an initial matter, we recognize that where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 550 N.E.2d 178, syllabus.
{¶ 9} Regarding the disposition of an abused, neglected or dependent child, R.C. 2151.353 provides the following guidelines:
 {¶ 10} (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
{¶ 11} * * *
 {¶ 12} (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child. * * *
{¶ 13} Pursuant to this statute, the court must apply a two-pronged test in its decision of whether to grant permanent custody: it must find, by clear and convincing evidence, that the child cannot or should not be placed with either parent within a reasonable time and that the grant of permanent custody to the petitioning agency is in the best interest of the child. See In re Wise (1994), 96 Ohio App.3d 619, 624,645 N.E.2d 812, citing In re Higby (1992), 81 Ohio App.3d 466, 468,611 N.E.2d 403.
{¶ 14} In this appeal, Patricia does not contest the court's finding regarding the first prong, i.e., that Christopher cannot or should not be placed with either parent within a reasonable time; therefore, the issue for our review concerns only whether the grant of permanent custody is in his best interest.
{¶ 15} To determine the best interest of a child, R.C. 2151.414(D) instructs the court to consider all relevant factors, including, but not limited to, the following factors:
 {¶ 16} (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 17} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 18} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 19} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 20} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
{¶ 21} We begin our analysis by noting that termination of the rights of a birth parent is an alternative of last resort. In re Wise,
supra, citing In re Cunningham (1979), 59 Ohio St.2d 100, 105,391 N.E.2d 1034.
{¶ 22} Here, the record reflects that Christopher has been in his current foster placement since October 1999 and that he has bonded with his foster family.
{¶ 23} On the other hand, the record also reflects that Vicki Pickens-Mitchell, a social worker with CCDCFS, testified that Patricia had been in full compliance with her case plan, attended substance abuse programs, maintained sobriety, obtained suitable housing and submitted clean urine tests when required. Further, she testified that Patricia and Christopher had a "very good" relationship. Stephanie Holman, a parent-aid from CCDCFS who attended the home visits between Patricia and her son, testified that they bonded very well and that Patricia provided good caregiving. Awanda Hopkins, from the agency's Fresh Start Unit Sobriety Treatment and Recovery Team, who has known Patricia for 16 years, testified about her observations of Patricia's progress: for the first time in her life, she obtained and maintained a full-time job, took care of her home, and regularly attended AA meetings. John Polk, owner of the Broken Connection program, testified that while in his care, Patricia took life skills, parenting, rational therapy and anger management classes, and that he promoted her to the position of house manager in charge of running the shelter. He also testified that Patricia subsequently started her own cleaning business and has remained drug free since entering Broken Connection.
{¶ 24} In addition, Patricia testified that she has been drug free since March 1999, and also stated that she maintained regular overnight visits with Christopher at her rented three-bedroom home, which she shared with her daughter, Gloria. The record also contains testimony that Christopher has a good relationship with Patricia, a factor the court should have considered.
{¶ 25} Thus, the record contains evidence that a legally secure, permanent placement can be achieved without a grant of permanent custody to the agency.
{¶ 26} Applying the Bechtol standard, then, we cannot conclude that the court's decision to grant permanent custody to CCDCFS is supported by a substantial amount of credible and competent evidence. Accordingly, we sustain this assignment of error, the resolution of which renders the remaining assignments of error moot. See App.R. 12(A)(1)(c).
{¶ 27} On the basis of the foregoing, we reverse and vacate the judgment of the court granting permanent custody of Christopher to the CCDCFS.
Judgment reversed and vacated.
It is ordered that appellant recover of appellee her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and DIANE KARPINSKI, J. CONCUR