OPINION
{¶ 1} Defendant-appellant Scott A. Clantz ("husband") appeals the January 4, 2002 Judgment Entry entered by the Ashland County Court of Common Pleas, Domestic Relations Division, approving and adopting the magistrate's November 14, 2001 Amended Decision, which designated plaintiff-appellee Kim A. Clantz ("wife") as residential parent of the parties' minor child.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on July 23, 1999. One child was born as issue of said union, to wit: Kaytlynn (DOB 3/4/00). Wife filed a Complaint for Divorce in the Ashland County Court of Common Pleas, Domestic Relations Division, on June 19, 2000. Husband filed a timely Answer. The matter proceeded to final hearing before the magistrate on January 22, 2001.
 {¶ 3} At the hearing, the parties stipulated the only marital debts were a bill of $745.00 owed to the Birthing Center in Mansfield, and a bill of $130.00 owed to Dr. Chalfant, both of which were incurred during the birth of the parties' child. The parties further stipulated the only marital assets were an entertainment center with no value and a freezer valued at $50. Husband is employed at Steris Corporation, earning approximately $28,000/year. Wife is not employed outside the home, and relies upon the child support she receives for Kaytlynn and her three children from a previous marriage. Husband vacated the marital residence in December, 1999. Wife owned the marital residence prior to her marriage to husband.
 {¶ 4} Husband's companionship with Kaytlynn was proceeding well and wife facilitated such parenting time. Husband is the father of two other children from a prior relationship. Husband exercises companionship with those children on a regular basis. Husband does not own his own residence. Husband currently resides with his girlfriend and her three children. Wife's fifteen year old daughter smokes cigarettes in wife's home. According to wife, her ex-husband, the daughter's father, permitted the girl to smoke to the point of her becoming addicted without wife's knowledge. Wife admitted she purchased cigarettes for her daughter. The testimony further revealed wife had been seen at a bar on a limited number of occasions. Wife explained, during those times, she either hired a babysitter to watch Kaytlynn or had her eldest daughter watch the child.
 {¶ 5} The magistrate issued his decision on May 17, 2001. Thereafter, husband requested findings of fact and conclusions of law. The magistrate ordered the parties to submit proposed findings of fact and conclusions of law. Husband filed his respective findings and conclusions on June 15, 2001. Wife elected not to submit proposed findings and conclusions. The magistrate issued an Amended Magistrate's Decision on November 14, 2001, to which husband filed a timely objection. Via Judgment Entry filed January 4, 2002, the trial court overruled husband's objection, and approved and adopted the Amended Magistrate's Decision as the decision of the court.
 {¶ 6} It is from this judgment entry husband appeals, raising as his sole assignment of error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DESIGNATING THE PLAINTIFF-APPELLEE AS THE RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILD."
 I. {¶ 8} Herein, husband maintains the trial court erred in designating wife as the residential parent of the parties' minor child.
 {¶ 9} Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such decision must not be reversed absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (Citation omitted). The Ohio Supreme Court applied the abuse of discretion standard to custody cases in Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus, 550 N.E.2d 178, holding: "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." (Citation omitted). "The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis, supra at 418. In Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."
 {¶ 10} R.C. 3109.04(F)(1), which sets forth the factors a trial court must consider in determining the best interest of the child, states, in pertinent part: "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:(a) The wishes of the child's parents regarding the child's care; (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court; (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) The child's adjustment to the child's home, school, and community; (e) The mental and physical health of all persons involved in the situation; (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) Whether either parent has failed to make all child support payments * * *;(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 11} In the instant action, the magistrate considered the factors enumerated in R.C. 3109.04(F)(1), and determined it would be in Kaytlynn's best interest for wife to be designated the residential parent. The record reveals husband vacated the marital residence prior to Kaytlynn's birth and has never returned. Wife has been Kaytlynn's primary caregiver since birth. Wife owns her own home and the home is an appropriate place in which to raise the child. Husband, on the other hand, resides in the home of his current girlfriend. The stability of that residence is solely dependent upon the status of that relationship. Kaytlynn has a good relationship with wife's children and husband's children. Although husband presented evidence wife allows her eldest daughter to smoke cigarettes in her home and that wife occasionally frequents bars with friends, the magistrate did not find the actions to reflect an inability on the part of wife to care for Kaytlynn. Upon review of the record, we find there was a substantial amount of credible and competent evidence to support the trial court's designation of wife as the residential parent. Accordingly, we find the trial court did not abuse its discretion in awarding custody of Kaytlynn to wife.
 {¶ 12} Husband's sole assignment of error is overruled.
 {¶ 13} The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division is affirmed.
By: Hoffman, P.J., Wise, J. and Edwards, J. concur.
topic: designation of residential parent