OPINION
{¶ 1} Appellant Gary Graham appeals a judgment of the Guernsey County Common Pleas Court overruling his motion to terminate spousal support, based on his contention that appellee Paula Graham was residing with an unrelated male:
{¶ 2} "The trial court erred, as a matter of law, by replacing the word reside with the word cohabitate as a triggering device for the termination of spousal support.
{¶ 3} "Even assuming that `reside with an unrelated male' equals `cohabitating with an unrelated male,' the trial court committed error when it failed to terminate spousal support when the paramour (Tim Shepard) resided in the ex-wife's home without contributing anything toward the purchase of food or the payment of normal household bills, then there may be a reasonable inference that the ex-wife's spousal support is being used, at least in part, for the benefit of the paramour. Wolfe v. Wolfe (1976)46 Ohio St.2d 399, 350 N.E.2d 413.
{¶ 4} "The trial court committed prejudicial error by failing to file findings of fact and conclusions of law pursuant to civil rule 52."
{¶ 5} The parties were divorced on June 26, 2000. A separation agreement was incorporated into the decree, which provided that appellant was to pay appellee spousal support in the amount of $1700 per month, for a period of six years, or until the death of either party, appellee's remarriage, or "at such time Paula resides with an unrelated male." On April 5, 2002, appellant filed a motion to terminate spousal support, alleging that appellee was residing with Tim Shepard. The case proceeded to an evidentiary hearing before a magistrate. Following the hearing, the magistrate recommended that spousal support not be terminated, concluding that Tim did not reside with appellee within the meaning of the separation agreement. Following objections, the court overruled the motion to terminate spousal support.
 I.
{¶ 6} In his first assignment of error appellant argues that the magistrate improperly substituted the concept of "cohabitation" for the concept of residing with another person, in applying the terms of ther separation agreement.
{¶ 7} We agree with appellant that because the separation agreement is a contract, the words should be given their ordinary meaning. However, while the magistrate may have cited to case law involving cohabitation, it is apparent from Supplemental Finding of Fact No. 3, filed July 9, 2002, that the magistrate applied the ordinary meaning of the word "reside" as defined by Black's Law Dictionary. The magistrate correctly determined that absent proof of a prior meaning attributed by the parties to the phrase "resides with an unrelated male," the court must apply the generally accepted definition. The record does not support appellant's claim that the magistrate did not give the word its ordinary meaning. {¶ 8} The first assignment of error is overruled.
 II.
{¶ 9} Appellant argues that the court erred in failing to find, based on the evidence at trial, that Tim Shepard resided with appellee.
{¶ 10} Our standard of review of the court's findings of fact is abuse of discretion, which connotes that the decision was arbitrary, unreasonable, or unconscionable. E.g. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. A trial court does not abuse its discretion when its decision is supported by a substantial amount of competent and credible evidence. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21.
{¶ 11} According to Black's Law Dictionary, Sixth Edition, reside means: "Live, dwell, abide, sojourn, stay, remain, lodge." The definition further provides that reside means: "To settle one's self in a place, to remain or stay, dwell permanently or continuously, or to have a settled in abode for a period of time."
{¶ 12} Appellant presented evidence that Timothy Shepard and appellee had an on-going sexual relationship. He presented evidence that Shepard stayed at appellee's residence anywhere from two to seven nights per week. He presented evidence that Timothy keeps a safety razor and a toothbrush in appellee's bathroom, and evidence that one pair of Timothy's underwear was found in appellee's laundry basket. Appellant also presented evidence that Timothy parks his vehicle in appellee's garage and driveway when visiting, has access to the home through the security system, has eaten meals at her home, and has taken her and her sons on a vacation at his expense. Appellant presented evidence that Timothy has done some repair work in appellee's home, using scrap materials and his labor, as he is an independent construction contractor by trade. There was also evidence presented that a few of Timothy's co-workers know to find him at appellee's home if he is not at his own residence.
{¶ 13} However, appellee presented evidence that Timothy Shepard rented his own residence at all times prior to the purchase of his own home on May 2, 2001. At the time of trial, Timothy owned his own home. Appellee presented evidence to show that she and Timothy had taken no steps to combine assets or income to cover joint expenses. The magistrate found that the evidence showed that the parties have shared only to the extent necessary to accomplish a dating relationship. The magistrate concluded in Supplemental Finding of Fact No. 5 that to the extent evidence was presented that Tim Shepard kept articles belonging to him at appellee's home, it did not substantiate any intention on the part of appellee and Timothy to move in together permanently under one roof, although their liaisons were frequent.
{¶ 14} The court did not abuse its discretion in finding appellee and Timothy did not reside together. While the evidence reflected that Timothy Shepard frequently spent the night at appellee's home, he maintained his own residence, the parties paid their own bills, and the evidence did not reflect that he had settled himself into her home permanently or continuously.
{¶ 15} The second assignment of error is overruled.
 III.
{¶ 16} Appellant argues that the court erred in overruling his motion for findings of fact and conclusions of law.
{¶ 17} As noted by the court in its judgment overruling appellant's request for findings of facts and conclusions of law, the magistrate's decision of June 13, 2002, contained eleven lengthy findings of fact, and the magistrate's supplemental findings of fact and conclusions of law filed July 9, 2002, contained six further findings. Judgment, September 18, 2002. The court did not err in overruling appellant's request for findings of fact, as he had already received sufficient findings of fact and conclusions of law.
{¶ 18} The third assignment of error is overruled.
{¶ 19} The judgment of the Guernsey County Common Pleas Court is affirmed.
Hoffman and Edwards, JJ., concur.
Topic — spousal support.