[Cite as *In re Z.C.*, 2013-Ohio-4512.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

IN RE:                                    :

                                         :         Appellate Case No. 25737

       Z.C.                               :

                                           :         Trial Court Case No. 2009-9148

                                           :

                                           :

                                           :         (Juvenile Appeal from

                                           :    Common Pleas Court)

                                           :

                                           :

                             . . . . . . . . . . .

## O P I N I O N

Rendered on the 11th day of October, 2013.

. . . . . . . . . . .

SHAWN P. HOOKS, Atty. Reg. #0079100, Deal & Hooks, LLC, 131 North Ludlow Street, Suite 630, Dayton, Ohio 45420
       Attorney for Appellant, S.C.

JOSE M. LOPEZ, Atty. Reg. #0019580, Lopez, Severt & Pratt Co., LPA, 18 East Water Street, Troy, Ohio 45373
       Attorney for Appellee, T.P.

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}     S.C. appeals from an order of the Montgomery County Common Pleas Court,

Juvenile Division, that awarded custody of S.C.'s minor child, Z.C., to the child's biological

father, T.P. S.C. contends that the trial court erred by failing to independently review the record in deciding to overrule her objections to the amount of child support and to the allocation of the dependency tax exemption set forth in a magistrate's decision. She further contends that the trial court did not consider the appropriate statutory standards for allocating parental rights.

{¶ 2}   We conclude that the record does not support S.C.'s claim that the trial court failed to independently review the record, or that it erred with regard to the decision to allocate the tax exemption to T.P. We further conclude that the child support amount is supported by the evidence. Finally, we conclude that the trial court did consider the factors set forth in R.C. 3109.04(F) when determining the best interest of the child. Accordingly, the judgment of the trial court is Affirmed.

## I.  Course of The Proceedings

{¶ 3} S.C. is the biological mother of the minor child, Z.C., born January 2009. Following a paternity action, T.P. was determined to be the child's father.  T.P. filed a motion for custody in July 2011.  A few days later, S.C. filed a notice of intent to relocate herself and the child to California.  After a hearing, a magistrate rendered a decision  naming T.P. as the custodial parent, setting child support, and awarding the dependency tax exemption.  S.C. filed objections to the magistrate's decision, which the trial court overruled.  S.C. appeals.

{¶ 4}   S.C.'s sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED THE OBJECTIONS TO THE MAGISTRATE'S DECISION BY

FAILING TO PROPERLY CONSIDER THE MANDATORY FACTORS, AND BY FAILING TO CONDUCT AN INDEPENDENT REVIEW OF THE RECORD.

## II. The Trial Court Did Not Abuse its Discretion in
## Determining the Best Interests of the Child

{¶ 5} S.C. contends that the trial court abused its discretion by failing to consider the best-interest factors set forth in R.C. 3109.04(F) before allocating parental rights. S.C. argues that the trial court "simply failed to consider * * * factors (a), (c), (d), (f), (g) and (i)."

{¶ 6} The best-interest factors set forth in R.C. 3109.04(F)(1) include:

(a) The wishes of the child's parents regarding the child's care;

(b) The wishes and concerns of the child;

(c) The child's interaction and relationship with the child's parents and siblings;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent has been convicted of or pleaded guilty to an offense of domestic violence or another criminal offense involving any act that

resulted in the child being an abused or neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

{¶ 7}  The record does not support S.C.'s claim that the trial court failed to consider these factors.  The evidence in the record is that both parents want custody of the child,  both parents are bonded to the child, and the child is well-adjusted.  The evidence also shows that the child is bonded with his half-siblings born to S.C. and that he is bonded with his half-brother born to T.P.  Although the child, who was three years old at the time of the hearing, did not testify as to his wishes, the Guardian Ad Litem appointed to represent his interests recommended that the parents alternate weeks of parenting time.  But the GAL also recommended that if S.C. chooses to move to California, residential custody should be allocated to T.P.

{¶ 8}  The trial court made the following findings of fact with regard to the best interest of the child:

The GAL testified that she had serious concerns about the stability of the environment the Mother would be moving the Child to in California; the GAL was concerned about the Mother and her family exposing the Child to individuals who could be potentially dangerous; the Mother has five (5) other children with four (4) different fathers; the Mother is being evicted from her home in Huber Heights; the GAL testified that Mother was allowing an unknown list of

individuals to provide daycare services for the Child; the Mother would not allow the Father to provide care for the Child despite him being an appropriate caregiver; the Mother left the Child in the care of [a 21 year old] acquaintance for three (3) weeks [while she went to California]; the Mother allows the Child to go to acquaintance's homes to receive daycare services; the Mother's ex-husband, R.C., was among those the Mother used to provide daycare services for the Child; the Mother has recently filed police reports against R.C. alleging acts of violence; R.C. has a prior conviction for child endangerment; the GAL has serious concerns that the Mother would leave the Child with R.C.; there was an accusation of sexual abuse in 2009 in which a "Grandpa" allegedly touched one of the Mother's children inappropriately; the Mother has filed civil protection orders against the Father and Paternal Grandmother and both were dismissed; the GAL was contacted by an individual the Mother was supposed to move to California with [who] made allegations to the GAL that the Mother was a prostitute and had mental health issues that needed to be addressed; the Mother has filed police reports against prior boyfriends alleging acts of violence; based upon review of police records/reports and the criminal history involved, the GAL has serious concerns about the type of individuals the Mother associates with; the GAL is specifically concerned with the Mother's ability to protect the Child from threatening individuals the Mother associates with; and the GAL testified that this environment will cause instability and expose the Child to potential physical and emotional danger.

{¶ 9}   The trial court went on to note that the GAL believed T.P. to have the more stable housing and family environment, and that he will facilitate parenting time with S.C.   The trial court was aware, as noted in its decision, of T.P.'s child support arrearage, which the testimony indicates was less than $1,000 at the time of the hearing.

{¶ 10}   "A trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court."   *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 550 N.E.2d 178 (1990), syllabus.

{¶ 11}   We conclude, based upon the record before us, that the trial court did consider the best interest factors and that its decision to allocate custody to T.P. is supported by the record.   Thus, we find no abuse of discretion.

### III.   The Record Does Not Support S.C.'s Claim that the Trial Court Failed to Conduct an Independent Review of the Record

{¶ 12}   We find nothing in the record to support S.C.'s claim that the trial court failed to conduct an independent review of the record when it overruled S.C.'s objections to the magistrate's decision.   The trial court's decision both explicitly states that the trial court conducted an independent review, and sets forth the trial court's findings of fact made during its review of the objections.

{¶ 13}   We first turn to the dependency exemption.   S.C., in her objections to the

magistrate's decision, stated only that the magistrate failed to consider the dictates of R.C. 3119.82 when it awarded the dependency tax exemption to T.P. She further contends that the trial court presumed the decision of the magistrate to be correct, because the trial court stated that she had not shown sufficient evidence to demonstrate that the magistrate had not properly considered the statute. Although this is an inartful expression of the proper relationship between the respective roles of the magistrate and the trial court, the trial court did set forth the proper standard for allocating the exemption, and the trial court concurred with the magistrate's determination.

{¶ 14} With regard to the issue of child support, the magistrate found that S.C. had a job in California, that her salary in that position was $25,200 per year, and that T.P. was self-employed, earning $15,000 per year. The magistrate calculated S.C.'s child support obligation based upon that evidence.

{¶ 15} S.C.'s objection to the magistrate's decision was based upon her argument that she was not going to take the job in California unless she could move there with the child. Thus, she argued that a hearing was needed to determine the appropriate amount of child support, because the magistrate improperly imputed income to her.

{¶ 16} Again, as noted above, we find nothing to indicate that the trial court failed to independently review the record – the trial court noted that S.C. testified that she "has received her associate's degree in in-home healthcare from Sinclair," and that she is "currently employed at Guardian Home Health Care in California." Based on the foregoing, the Court stated that S.C. failed to demonstrate how the magistrate erred with regard to the child support calculation. The trial court further noted that "if the Mother's income has changed she may file a motion to

modify support."

**{¶ 17}** We conclude that the record supports the trial court's findings with regard to the income of the parties. S.C. testified that she had no intention to remain in Ohio, and that she wants to move to California. She further testified that she needs only two more college credits to obtain her associate's degree as a pharmacy technician. She further admitted that she was "currently employed at Guardian Home Health Care in California." She was somewhat evasive in her testimony regarding whether she was leasing an apartment in California and whether she lived in California. She then admitted that she had lived in California during January and February prior to the hearing on March 27. Based upon this record, we conclude that the trial court did not abuse its discretion by overruling the objection regarding the child support obligation, because there is evidence to support the income amounts used by the magistrate in her calculation of child support.

**{¶ 18}** S.C.'s sole assignment of error is overruled.

### III. Conclusion

**{¶ 19}** S.C.'s sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Shawn P. Hooks
Jose M. Lopez
Hon. Anthony Capizzi