[Cite as *In re R.O.*, 2021-Ohio-595.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| R.O.: (D.O.B.: 12/6/2018) | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. CT2020-0045 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
Court of Common Pleas, Juvenile
Division, Case No. 21830212

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     March 3, 2021

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant father

D. MICHAEL HADDOX     ANDREW E. RUSS
Prosecuting Attorney     Andrew Russ Law, LLC
Muskingum County, Ohio     P.O. Box 520
     Pickerington, Ohio 43130

By: JOHN CONNER DEVER
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

{¶1}   Appellant, Cory Harris, appeals the decision of the Muskingum County Court of Common Pleas, Juvenile Division, awarding permanent custody of his son, R.O. to the Muskingum Adult and Child Protective Services on August 10, 2020. Harris alleges that the trial court erred by finding R.O.'s best interest was served by granting permanent custody.  Appellee is Muskingum Adult and Child Protective Services. (MACPS).

## STATEMENT OF FACTS AND THE CASE

{¶2}   In September 2018 the Muskingum Adult and Child Protective Services received notice of a child born to a woman suffering from substance abuse.  The child, R.O., also tested positive for exposure to illegal substances and suffered from birth defects.  MACPS filed a motion and complaint on September 6, 2018 seeking temporary custody of the child. The trial court issued an ex parte order granting temporary custody of the child to MACPS on September 7, 2018.

{¶3}   The trial court conducted an adjudicatory hearing on November 15, 2018 and found R.O. dependent, neglected, and abused and granted temporary custody to MACPS. The trial court found that the parents had been served, though service upon the father was accomplished via publication pursuant to Juv.R. 16(A) upon an unknown father.  Counsel for the mother was present, but neither parent attended the hearing.

{¶4}   On April 16, 2019 a motion was filed requesting genetic testing of a putative father, but the testing eliminated that person as a parent.

{¶5}   On June 12, 2019 MACPS filed a motion for permanent custody and served it on appellant, Cory Harris, as the father, at a Zanesville address. The record does not disclose how Harris was identified as the father of the child.  The motion for permanent

custody and supporting memorandum makes no reference to his relationship with R.O. or any participation in the case plan.

{¶6} On August 6, 2019 a home-study for placement of the child was completed at the residence of Lynn Harris, Corey Harris's mother, but the placement was rejected as inappropriate due to her mental health, substance abuse and domestic violence issues.

{¶7} Harris submitted to a DNA test in July 2019 which confirmed he was the father of R.O. and he was added to the reunification case plan on August 9, 2019. MACPS asked to withdraw the motion for permanent custody and to extend temporary custody because Harris had joined the case plan, the mother was recently released from jail and was in inpatient rehabilitation and both expressed their intent to work on reunification.

{¶8} MACPS drafted a case plan for Harris that required that he address his substance abuse, develop parenting skills, find stable housing, establish a stable income, and attend R.O.'s medical appointments to learn more about his birth defect and medical needs.

{¶9} On November 13, 2019 MACPS asked the trial court to extend temporary custody. On December 5, 2019 MACPS filed a motion to have temporary custody granted to Merika Boyer, a relative, with protective supervision remaining with MACPS. The November 13th motion for extension of temporary custody to MACPS was withdrawn. On February 5, 2019, MACPS withdrew their motion to place R.O. with Boyer when she made no provision for placement of R.O. in her home. MACPS sought an extension of temporary custody in lieu of placement with Boyer.

{¶10} MACPS filed a motion for permanent custody on February 26, 2020 alleging that the parents had failed to make progress on their case plan and a hearing was scheduled for May 20, 2020. On May 15 and 19, 2020 Harris and his counsel filed separate requests to continue the hearing on the motion and instead extend temporary custody.   The extension was denied by the magistrate and the hearing began on May 20, 2020, but was not completed due to time constraints.  The hearing was rescheduled and completed on July 30, 2020.

{¶11} The Guardian Ad Litem supported granting permanent custody focusing on the unresolved chemical dependency of the father and the failure of the parents to remedy the conditions that caused R.O. to be placed outside home.

{¶12} On August 10, 2020 the Magistrate issued a decision granting permanent custody to MACPS. The judge approved the entry on the same day.  Harris did not file any objections to the magistrate's decision and the transcript of the hearing was not made available for the trial court's review.   Harris file a timely appeal and submitted one assignment of error:

{¶13} "I. THE JUVENILE COURT'S JUDGMENT GRANTING PERMANENT COURT(SIC) COMMITMENT OF THE MINOR CHILD TO MUSKINGUM COUNTY CHILDREN SERVICES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN ITS APPLICATION OF THE BEST INTEREST FACTORS AS REQUIRED BY R. C. 2151.414 (D)(1)(a) THROUGH (e)."

### STANDARD OF REVIEW

{¶14} Harris contends that the trial court's decision that the best interests of R.O. would be served by granting permanent custody of the children to the MACPS is against

the manifest weight and sufficiency of the evidence. Harris argues that he had completed or was making progress toward completion of the requirements of the case plan and, therefore, termination of his parental rights was not in R.O.'s best interest.

**{¶15}** Although Harris may have been making some progress with services as required by the case plan, we are compelled to note that MACPS was not required to prove that he completely failed in achieving the goals of the case plan. This court has upheld permanent custody findings despite evidence in the record that a parent made partial progress on his or her case plan. *In re Layne Children*, 5th Dist. Stark No. 2000CA00344, 2001 WL 246430, *3.

**{¶16}** As to our standard of review, generally we review the trial court's decision in this context for abuse of discretion. We would examine the entire record and determine whether there is sufficient competent and credible evidence to support the judgment rendered by the trial court. *Seasons Coal Company v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1978). *Trickey v. Trickey,* 158 Ohio St. 9, 13, 106 N.E.2d 772 (1952). The trial court must resolve disputed issues of fact and weigh the testimony and credibility of the witnesses. *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 23, 550 N.E.2d 178 (1990). We would defer to the trial court's discretion because the trial court had the opportunity to observe the witnesses and parties in weighing the credibility of the proffered testimony in a way a reviewing court cannot.

**{¶17}** Harris failed to file objections to the magistrate's decision and present the trial court with a copy of the transcript for review and those omissions alter our standard of review. As a result of Harris's failure to file objections with the trial court, our review in this matter is limited to a consideration of plain error. Juvenile Rule 40(D)(3)(b)(iv) states:

"Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." To constitute plain error in a civil case, the error must be "obvious and prejudicial" and "if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *Friedland v. Djukic,* 191 Ohio App.3d 278, 2010–Ohio–5777, ¶ 37 (8th Dist.). Plain error analysis is limited and is to be applied with the utmost caution. State v. Tart, 8th Dist. Cuyahoga No. 76223, 2000 WL 739518.

{¶18} In addition, this Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. *See, e.g., Moton v. Ford Motor Credit Co.,* 5th Dist. Richland No. 01 CA 74, 2002-Ohio-2857 (additional citations omitted). *Matter of B.J.,* 5th Dist. Richland No. 18 CA 106, 2019-Ohio-1062, ¶ 17. Our review is therefore limited to an analysis of the magistrate's decision for plain error in the consideration of the best interests of R.O. pursuant to R.C. 2151.414(D)(1).

**ANALYSIS**

{¶19} Revised Code 2151.414 provides:

In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code,

the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶20} The magistrate completed a detailed analysis of the facts and determined that the best interest of the child would be served by granting permanent custody considering the factors in R.C. 2151.414(D)(1).

{¶21} The magistrate found that R.O. had a strong bond with his foster parents as he had been placed with them at birth and flourished in their home. While Harris had begun to develop a relationship with R.O., he had not taken steps to understand R.O.'s special needs. And, while Harris's ability to have unsupervised visits may have been affected by his late entry in the case and pandemic restrictions, the magistrate held that Harris had sufficient time to complete the requirements of the case plan, but failed to do so. He had made some progress toward completion, but much of the progress was very recent and lacked evidence of stability. He had been residing with his mother, whose prior record made her home unacceptable to the extent that she was rejected as a potential relative placement. He moved in with his new girlfriend, where he had resided for just over one month prior to the final hearing date.

{¶22} The magistrate was also concerned with Harris's late progress regarding his substance abuse. He had tested positive shortly before the first day of the hearing, missed several counseling meetings and, while he was "engaged and showing some progress" he "lacked motivation and struggled to follow through." The magistrate also found that Harris's new paramour was only recent sober and was allegedly just released from felony probation.

{¶23} The magistrate succinctly stated her findings regarding the best interests of R.O. in the final sentences of that section of her decision:

Recent tests positive for THC, a scramble within the last couple weeks to be put on a lease with a girlfriend of less than two months, and failure to attend the child's medical appointment shows father is not ready and cannot be ready to parent the child in a reasonable time. The Court has permitted two extensions of temporary custody to the Agency and the child has been in the Agency's custody since September 7, 2018.

**{¶24}** The findings issued by the trial court reflect consideration of all of the factors listed in R.C. 2151.414(D)(1). We also find significant that though Harris was not part of the case plan until August 2019, the magistrate did not find that he made any significant effort to make progress toward the goals listed in the plan prior to the filing of the motion for permanent custody in February 2020 but did note that, on the first day of hearing he had not yet resolved his substance abuse or found stable housing. The lack of any evidence of effort prior to the filing and hearing on the motion serves to buttress the magistrate's conclusion that Harris will not be ready to parent R.O. in a reasonable time.

**{¶25}** Under our present limited analysis, we are not persuaded that the grant of permanent custody of R.O. recommended by the magistrate and subsequently approved by the trial court, equates to plain error.

**{¶26}** Even if we consider the transcript of the hearing independently of the magistrate's decision in the interest of justice and in consideration of the impact our decision will have on the lives of the persons involved, our decision would remain unchanged.  Our review would be limited to determining whether the trial court abused its discretion and we have held that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should

be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1700073, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. Our review of the evidence presented at the hearing would lead us to conclude that the decision of the trial court was supported by competent, credible evidence and that the trial court did not abuse its discretion when analyzing the best interest of R.O.

{¶27} The appellant's assignment of error is denied and the decision of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Delaney, J. concur.