OPINION
{¶ 1} Randall T. A. Gotham ("appellant") appeals from the grant of Ronald Lee Tucker's petition to adopt appellant's natural daughter, Lauren. The Trumbull County Court of Common Pleas, Probate Division, determined that the adoption was in the child's best interest.
 {¶ 2} On July 24, 2000, Ronald Lee Tucker filed a petition, seeking to adopt his step-daughter, Lauren Marie, (d.o.b. 6/11/87). On October 26, 2000, the trial court determined that appellant's consent to the adoption was not necessary. That decision was upheld by this court. In re Adoption of Tucker, 11th Dist. No. 2000-T-0144, 2001-Ohio-8774,2001 Ohio App. LEXIS 5839.
 {¶ 3} On June 4, 2002, the court appointed a guardian ad litem to protect the child's interests in the proceeding. The guardian ad litem filed her report on October 2, 2002. The guardian ad litem recommended that the adoption petition be granted, based partly upon appellant's guilty plea to a charge of sexually abusing his daughter. The report notes that Lauren wishes the adoption to proceed. She has no desire to see her father again. The guardian ad litem concluded that the adoption would be in the child's best interest.
 {¶ 4} On October 2, 2002, a hearing was held on the matter. Debbie Gregory, of the Trumbull County Children Services Board, read a written report into the record, which was favorable to Tucker's petition. While testifying, Gregory noted that the child had not had contact with appellant since 1994. Further, Lauren expressed a strong desire to have the adoption occur. After the close of testimony, the court stated that, during an in camera interview with Lauren, she expressed her wish that the adoption go forward. The court also stated it interviewed the guardian ad litem, who favored the adoption as being in the child's best interest. The court mentioned the testimony of the case-workers from the Trumbull County Children Services Board, regarding the home study and assessment, that concluded that the adoption was in Lauren's best interest. The court stated that appellant's continued denial of the abuse charges, after entering a plea of guilty to those same charges, troubled the court. The court found that all of the requirements set forth in the Revised Code were fully complied with and that Tucker was suitably qualified to care for and rear Lauren. The court determined that there was clear and convincing evidence that the proposed adoption was in the child's best interest. The trial court granted Tucker's petition to adopt Lauren.
 {¶ 5} Appellant presents the following errors for our review:
 {¶ 6} "[1.] The trial court erred in failing to address each of the mandatory statutory factors in making its determination as to whether the adoption is in the best interest of the minor child.
 {¶ 7} "[2.] The trial court erred in approving and relying upon, for its determination as to the best interest of the minor child, the report of the assessor when said report failed to contain a complete and accurate investigation.
 {¶ 8} "[3.] The trial court abused its discretion in finding that the proposed adoption was in the best interest of the minor child."
 {¶ 9} In his first assignment of error, appellant contends the trial court erred because it did not address each statutory factor set forth in R.C. 3107.16.1(B) when determining if the adoption was in the child's best interest. Appellant submits that R.C. 3107.16.1(B) provides that a court, when making a determination regarding the child's best interest in a contested adoption, shall consider all the relevant factors listed in the statutory provision. Appellant argues that the trial court did not address all of the mandatory relevant factors in making its determination in the judgment entry. Appellant admits the trial court did discuss some of the statutory factors at the hearing, but argues the failure to address all of the factors is fatal to the court's decision.
 {¶ 10} Adoptions are decided on a case-by-case basis. The trial court determines, in its discretion, if the adoption is in the best interest of the child. In re Adoption of Charles B. (1990),50 Ohio St.3d 88, 90. A two-step process is utilized in an adoption proceeding. The consent phase already has been determined in this case. The trial court's decision in the best interest phase is now before this court. See In re Adoption of Ridenour (1991), 61 Ohio St.3d 319.
 {¶ 11} The trial court has the primary responsibility to weigh the testimony presented before it and determine the credibility of the witnesses. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 23. A reviewing court will not reverse a trial court's exercise of its considerable discretion in an adoption case unless the trial court acted in an unreasonable, arbitrary, or unconscionable manner. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence supports that decision. In re Adoption of Lindsey B. (July 13, 2001), 6th Dist. No. L-01-1197,2001 Ohio App. LEXIS 3136.
 {¶ 12} In determining whether to grant or deny an adoption, a trial court must consider "(1) whether the petitioner is suitably qualified to care for and rear the child, and (2) whether the best interests of the child will be promoted by the adoption." In re Ridenour, supra, at 320. R.C. 3107.16.1 sets forth the procedure by which a trial court must determine what is in the best interest of the child. R.C. 3107.16.1(B) provides a number of non-exclusive factors, which a trial court must consider in a contested adoption case. A party objecting to the adoption bears the burden of providing the court with evidence that the adoption is contrary to the child's best interest. R.C. 3107.16.1(C).
 {¶ 13} At the hearing, the trial court stated it considered the applicable statutory factors. There was evidence before the court regarding the child's age, her wishes, the length of the separation between appellant and Lauren, the stability of her current placement with her mother and step-father, the importance of stability for the child, her interaction with her family, and her current adjustment. The trial court discussed the sexual abuse charges and its view that appellant's continued denial of responsibility for those acts was troubling. This statement reflects that the likelihood of a safe reunification with appellant is doubtful. Lauren consistently has expressed her wish to terminate any relationship with appellant and to be adopted by Tucker.
 {¶ 14} A trial court need not list each factor enumerated in R.C. 3107.16.1. The failure to do so does not indicate that all of the statutory factors were not duly considered. In re Adoption of Congrove (Feb. 24, 1999), 9th Dist. No. 98CA007065, 1999 Ohio App. LEXIS 728. Further, a trial court can consider factors not found in R.C. 3107.16.1, if those factors are relevant. The record before this court reflects that the trial court complied with the statutory requirements. Appellant's first assignment of error is overruled.
 {¶ 15} In his second assignment of error, appellant argues that the trial court erred in relying upon the assessor's report because there was no investigation or information regarding appellant and his family in the report. Appellant's disputes the validity of the best interest determination when only the condition of the petitioner and the child was investigated in the home study.
 {¶ 16} R.C. 3107.12 provides that a prefinalized assessment be conducted of a minor and petitioner before a trial court issues a final decree of adoption. However, an assessment is not required if the petitioner is the step-parent of the child at issue. The home study may be ordered if the report is deemed to be in the child's best interest. R.C. 3107.12(B). The purpose of a home study is to ascertain whether the petitioner is suitable to adopt. R.C. 3107.03.1.
 {¶ 17} This court expressed its concern regarding a prefinalized report when neither the father nor his family was contacted by the assessor. See In re Adoption of Wagner (June 30, 1999), 11th Dist. No. 97-T-0224, 1999 Ohio App. LEXIS 3097. However, prejudice will not be found if the person opposing the adoption has an opportunity to cross-examine the assessor and is given an opportunity to present evidence to counter the findings submitted in the assessor's report. Id. The assessor testified in the instant case and appellant was not foreclosed from presenting evidence. Therefore, appellant has not demonstrated any prejudice in the submission of the assessor's report. Appellant's second assignment of error lacks merit and is overruled.
 {¶ 18} In his final assignment of error, appellant challenges the trial court's determination that the adoption was in Lauren's best interest. Appellant claims the timing of the filing of the petition is suspect, only taking place when the prospect of appellant contacting the child became possible in the near future. Appellant asserts that there is a reasonable likelihood of the establishment of a safe reunification with his daughter in the near future. Appellant submits that the re-establishment of a relationship would not be detrimental to her growth and development.
 {¶ 19} The primary purpose of an adoption is to find a child a stable, loving home. In re Adoption of Kohorst (1992), 75 Ohio App.3d 813,817. The evidence submitted at the hearing shows that Lauren does not wish to have any contact with her father. Given her age, there is little likelihood of appellant establishing any sort of relationship with Lauren. Appellant's probationary period, during which he has been forbidden from contacting the child, is nearly at an end. However, appellant ignores an order from the domestic relations court which also forbids any contact. That order apparently will continue after appellant's probation ends.
 {¶ 20} The petitioner adopted Lauren's older half-sister and is the father of another child with Lauren's mother. The adoption would give each of these siblings the same legal father and promote the stability of the family unit. There was ample evidence, especially that relating to appellant's sexual abuse of his daughter, to show that the trial court did not abuse its discretion in determining that the adoption was in the child's best interest. Appellant's third assignment of error is overruled. The judgment of the Trumbull County Court of Common Pleas, Probate Division is affirmed.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.