JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Teri Lynne Myers appeals from the entry of the Hamilton County domestic relations court overruling her motion to relocate to Lexington, Kentucky. As part of the 1998 dissolution of their marriage, Myers and defendant-appellee Delbert Scott Morgan each agreed to a shared-parenting plan for their only child, Lincoln Tuff Morgan, now age nine. The plan stated that neither party would remove the child from the jurisdiction without mutual assent and court approval.
In late 2003, Myers and Tuff relocated from their home in the Kentucky suburbs of Cincinnati to Lexington, Kentucky, against Morgan's wishes and without court approval. Earlier in the year, Myers had remarried. Her new husband had obtained employment as a firefighter in Lexington. She returned to her suburban Cincinnati home only after Morgan had filed a motion for contempt alleging that the move had severely limited his relationship with Tuff.
Myers then moved the trial court for authority to relocate to Lexington, a distance of eighty-four miles from her current residence. Morgan opposed the motion and moved to expand his time with Tuff. In a May 2004 hearing, the trial court received the report of Tuff's guardian ad litem that relocation to Lexington would not be in Tuff's best interests. A parenting specialist testified in favor of the relocation but added that Morgan be afforded five weeks of parenting time each summer.
The trial court denied Myers's motion to relocate but permitted her to move with Tuff to any county contiguous to her current home in Kenton County, Kentucky. The court also sustained Morgan's motion and modified the parenting plan to include additional visitation time. The trial court found that Tuff had a close relationship with both his parents and their extended families. The court also found that a move to Lexington would serve the needs of Myers but not Tuff, would adversely affect Morgan's relationship with Tuff, and would not be in Tuff's best interest. Myers filed this appeal. Morgan did not challenge the court's ruling permitting a one-county move.
In two interrelated assignments of error, Myers argues that the trial court erred in finding that relocation would not be in Tuff's best interest, and thus that the court's decision was against the manifest weight of the evidence. She contends that the approved, onecounty move would result in school and driving-distance changes similar to those caused by a relocation to Lexington. Therefore, the trial court's willingness to permit a move to a contiguous county, but not to Lexington, was evidence of the unreasonableness of its decision.
R.C. 3109.04(E) provides that a court shall not modify a prior decree allocating parental rights and responsibilities unless it finds (1) that a change in circumstances has occurred, (2) that the modification would be in the child's best interests given the change, and (3) that any harm from such a change would be outweighed by the advantages to the child. See Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599, 603-604,737 N.E.2d 551; see, also, Schaeffer v. Schaeffer, 1st Dist. Nos. C-020721, C-020722, C-020723, C-030255, and C-030385, 2004-Ohio-2032, at ¶ 21.
When there is competent and credible evidence to support the trial court's decision concerning child custody, that decision will not be overturned absent an abuse of discretion. See Bechtol v. Bechtol (1990),49 Ohio St.3d 21, 550 N.E.2d 178, syllabus. A reviewing court should not substitute its judgment for that of the trial court. See Schaeffer v.Schaeffer, at ¶ 20. It must be deferential to the trial court's unique position to observe the witnesses and parties to a custody proceeding, and "should be guided by the presumption that the trial court's findings were indeed correct." Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846. A reviewing court may only disturb the trial court's judgment when it is arbitrary, unreasonable, or unconscionable. SeeSchaeffer v. Schaeffer, at ¶ 20.
We will not substitute our judgment for the trial court's finding that the impact of the additional distance caused by relocation to Lexington would adversely affect Tuff's relationship with his father and with his extended paternal family. The trial court also found that relocation to Lexington was for the benefit of Myers and her new husband but not necessarily for Tuff's benefit. Both findings were supported by facts in evidence, were the product of a sound reasoning process, and will not be disturbed on appeal. See AAAA Enterprises, Inc. v. River Place CommunityUrban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
Since the trial court did not err in making its best-interest finding, its decision to overrule Myers's motion to relocate was supported by competent, credible evidence. See Bechtol v. Bechtol, syllabus. The first and second assignments of error are overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.