OPINION
{¶ 1} Appellant Mitzee Loftus appeals the July 21, 2004 Judgment Entry of the Holmes County Court of Common Pleas, Juvenile Division, awarding custody of the parties' minor child to appellee William Jump.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties are the parents of two minor children, Billy John Jump, born January 1, 2000, and Damien Lucifer Jump, born October 4, 2001. The parties met while living in California, were not married, and dated for three years. Shortly after his birth, the parties surrendered custody of Billy John to his paternal grandmother, as a result, he is not a subject of these proceedings.
 {¶ 3} Testimony at trial established: Appellee-father has had at least four or five jobs from 1998 to 2001, and has quit each job. Previously, he cared for the minor child when he was not working, including dressing, changing, and feeding the child. Appellee acknowledges the mother took care of the child at other times, but claims to have been a "full time" dad between December 2002 and August 2003. Appellee recently obtained a driver's license. He is a high school dropout, and has not obtained his GED.
 {¶ 4} In August 2003, appellee left Ohio, and went to a mental health facility for several days. He admits he threatened suicide, and was afraid of "doin' something crazy-an act of violence in front of my kid," giving an example of punching a hole in the wall "quite a few times." He stated he was upset because he thought appellant was cheating on him. Following his placement in the facility, no mental health diagnosis was made, and medication was not prescribed, nor follow-up counseling recommended.
 {¶ 5} Appellee has a prior conviction for residential burglary in California. Appellant-mother's current husband was also convicted in the burglary.
 {¶ 6} Appellee paid appellant $400 per court order in the nine months prior to trial, and purchased items for the child in the past. Since leaving Ohio, father has talked to the child four to six times on the telephone. He returned to Ohio during the pendency of these proceedings, during which appellant did not facilitate visitation with appellee. He intends to move the child to Illinois to live with his mother and Billy John.
 {¶ 7} Both parties have a history of drug abuse. Appellee attended, but did not complete, a drug rehabilitation program in California. Appellant has three other children, and has custody of two, who were previously in foster care due to her drug abuse. The third child was surrendered for adoption in California. Appellant entered residential drug treatment programs at least twice. She has been convicted of driving under suspension two times, and of driving under the influence three or four times. She is employed as a telemarketer, and is married. She obtained her GED.
 {¶ 8} Prior to the proceedings on appeal, the minor child lived with appellant in Holmes County, moving to Jefferson County just prior to trial. On October 20, 2003, appellee filed a motion for legal custody of the minor child in the Holmes County Court of Common Pleas, Juvenile Division. On June 23, 2004, appellant's counsel indicated to the court he was having difficulties contacting his client. Counsel stated she would not meet with him prior to trial, and had not contacted him. Counsel indicated his intention to withdraw from representation. Counsel moved the court for a continuance on June 30, 2004, seven days prior to trial. The trial court denied the motion for continuance, and the matter proceeded to trial on July 7, 2004. Via Judgment Entry on July 21, 2004, the trial court awarded custody to appellee-father.
 {¶ 9} Appellant-mother now appeals, assigning as error:
 {¶ 10} "I. THE HOLMES COUNTY JUVENILE COURT [HEREINAFTER "TRIAL COURT"] ERRED IN AWARDING CUSTODY OF THE MINOR CHILD DAMIEN L. JUMP TO THE FATHER WILLIAM JUMP CONTRARY TO THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 11} "II. THE TRIAL COURT ABUSED JUDICIAL DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR CONTINUANCE PRIOR TO THE COMMENCEMENT OF THE TRIAL ON THE MOTION FOR LEGAL CUSTODY HEREIN."
 I {¶ 12} In the first assignment of error, appellant maintains the trial court's decision to award custody of the minor child to appellee-father is contrary to the weight and sufficiency of the evidence.
 {¶ 13} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 14} Because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such decision must not be reversed absent an abuse of discretion. Davis v. Flickinger (1997),77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (Citation omitted). The Ohio Supreme Court applied the abuse of discretion standard to custody cases in Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus, 49 Ohio St.3d 21, 550 N.E.2d 178, holding: "Where an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." The reason for this standard of review "is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis, supra at 418,674 N.E.2d 1159.
 {¶ 15} In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."
 {¶ 16} R.C. 3109.04(F)(1), which sets forth the factors a trial court must consider in determining the best interest of the child, states, in pertinent part: "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 23} "(g) Whether either parent has failed to make all child support payments * * *;
 {¶ 24} "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 {¶ 25} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 26} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 27} The trial court properly considered each of the statutory factors set forth above, and specifically noted the following: Appellee-father was the primary caretaker of the minor child when he lived with him. Appellee had a plan for caring for the child in Illinois, and he had a substantial relationship with the child. The court properly considered the mental and physical health of both parties, finding them to be "roughly equal." The Court contemplated appellant's reluctance to facilitate visitation with the father, viewing her past behavior as the best predictor of her future conduct. The trial court further considered appellant's children's history in foster care and their removal from her care due to her repeated drug abuse. Upon review, competent, credible evidence exists to support the trial court's award of custody to appellee, and the court did not abuse its discretion in rendering its judgment.
 {¶ 28} Accordingly, the first assignment of error is overruled.
 II {¶ 29} In the second assignment of error, appellant maintains the trial court abused its discretion in denying her motion for continuance prior to the commencement of trial.
 {¶ 30} As stated above, appellant's counsel appeared at a June 23, 2004 visitation hearing without appellant. At the hearing, counsel informed the court of his difficulty contacting his client, and his intention to withdraw his representation. On June 30, 2004, counsel filed a motion for continuance of the trial date, informing the court his client had since contacted him, but he could not effectively represent her at trial due to his current schedule. The trial court denied appellant's motion for continuance, stating:
 {¶ 31} "The Court knows that Ms. Loftus' failure to work with Attorney Kellogg until recently, and his busy calendar, will make it more difficult for Mr. Kellogg to prepare. However, if there are weaknesses in the case presented by Ms. Loftus, those are clearly a result of her own actions. And the Court finds that a delay would be an undeserved hardship for Mr. Jump.
 {¶ 32} "Accordingly, this Court denies the request of Ms. Loftus for a continuance. This matter shall come on for trial at 1:30 P.M. on Wednesday, July 7, 2004."
 {¶ 33} The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge. State v.Mason (1998), 82 Ohio St.3d 144, 155. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. Statev. Apanovitch (1987), 33 Ohio St.3d 19, 22.
 {¶ 34} Under the circumstances presented in the instant case we find the trial court did not abuse its discretion in denying the motion for continuance. The second assignment of error is overruled.
 {¶ 35} The July 21, 2004 Judgment Entry of the Holmes County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the July 21, 2004 Judgment Entry of the Holmes County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.