OPINION
{¶ 1} The plaintiff-appellant, Jacquelyn Ann Oplinger ("Jacquelyn"), appeals the January 30, 2006, Judgment Entry Decree of Divorce of the Common Pleas Court of Mercer County, Ohio.
 {¶ 2} The plaintiff-appellant, Jacquelyn, and defendant-appellee, Wayne Oplinger ("Wayne") were married on December 22, 1989 and three children were born as issue of the marriage, all of which were minor children at the time of the divorce. On January 21, 2005, Jacquelyn filed a complaint for divorce. On March 15, 2005, Wayne filed an answer to said complaint. On June 21, 2005, a hearing was held regarding the merits of the complaint for divorce with minor children. On June 28, 2005, the Magistrate's Decision was filed. On September 2, 2005, Objections to the Magistrate's Decision were filed by Jacquelyn. Wayne responded to the Objections to the Magistrate's Decision on September 7, 2005. On January 18, 2005, the trial court filed an Order on Objections to the Magistrate's Decision finding that Jacquelyn's objections were without merit, thus overruling the objections. In addition, the trial court adopted the Magistrate's Decision on January 18, 2005. On January 30, 2006, the Judgment Entry Decree of Divorce with Minor Children was filed by the trial court designating Wayne as the residential parent.
 {¶ 3} On February 24, 2006, Jacquelyn filed a notice of appeal alleging the following assignment of error:
THE TRIAL COURT ERRED IN DESIGNATING APPELLEE FATHER THERESIDENTIAL PARENT OF THE PARTIES THREE CHILDREN.
 {¶ 4} In Jacquelyn's sole assignment of error, she alleges that the trial court erred when it designated Wayne as the residential parent of the parties' three children.
 {¶ 5} A trial court's decision regarding the allocation of parental rights and responsibilities that is supported by substantial competent and credible evidence will not be reversed on appeal absent an abuse of discretion. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus. In determining the allocation of parental rights and responsibilities, the trial court is granted broad discretion.Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. The Ohio Supreme Court, noted in Trickey v. Trickey (1952),158 Ohio St. 9, 13, 106 N.E.2d 772, that "[i]n proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by printed record." Accordingly, the trial court's determination as to custody will not be disturbed on appeal absent an abuse of discretion.
 {¶ 6} In making an allocation of parenting rights, the court must consider the best interests of the child. R.C.3109.04(B)(1). In order to determine the child's best interests, the trial court is required to consider the factors outlined in R.C. 3109.04(F)(1), but may consider additional factors as well. R.C. 3109.04(F)(1). Accordingly, we must examine the record to determine (1) that the trial court considered all of the necessary factors listed in R.C. 3109.04(F)(1) and (2) that there is competent, credible evidence supporting the trial court's conclusion that designating Wayne the residential parent is in the children's best interests.
 {¶ 7} Pursuant to R.C. 3109.04(F)(1), the court shall consider all relevant factors. On June 28, 2005, the Magistrate's Decision was filed and provided in pertinent part the following:
The Magistrate makes specific findings of fact pursuant to ORC3109.04(F)(1):
 (a) The wishes of the child's parents regarding the child'scare.
Both parents desire to have all three children together and each desires to be named the sole residential parent. Neither party indicated that they wish to retain the status quo wherein David is residing with his father and Ashley and Tony are residing with their mother.
(b) If the court has interviewed the child in chamberspursuant to Division (B) of this Section regarding the child'swishes and concerns as to the allocation of parental rights andresponsibilities concerning the child, the wishes and concerns ofthe child, as expressed to the court.
The Magistrate did not interview David in an in camera
interview. It was not requested. The Magistrate did however interview Tony, * * *, currently age 13. The Magistrate found that in minutes previously filed herein that Tony has the requisite and sufficient reasoning ability to make an election, and the minor child did make an election. The Magistrate also held an in camera interview with Ashley, * * *, currently age 11, and found that Ashley does not have the requisite and sufficient reasoning ability to make an election.
(c) The child's interaction and interrelationship with thechild's parents, siblings, and any other person who maysignificantly affect the child's best interest.
The Magistrate finds that Ashley and Todd interact on a daily basis with their mother because they are residing with her. Further, they also interact with their father via the telephone. David interacts with his father, as he resides with him. However, he does not have as much contact with his mother. Plaintiff has not initiated any trips to Florida, or initiated any arrangements to see David, indicating that it is Defendant's responsibility since he is the one that left Ohio. Defendant on the other hand, has made efforts to see the children. He came to Ohio in March for the children's birthdays, and also brought David to Ohio for the Christmas holiday. The children appear to interact well together. The younger two children miss their brother David. The Magistrate finds it important that siblings grow up together and the separation of siblings should be prevented if at all possible.
The children seem to have a good relationship with their extended families. A concern of the undersigned is that Tracy Mabry is an individual who may significantly affect the children's best interest. Both of the younger children have established a relationship with Tracy Mabry, though Plaintiff indicates that she keeps Tracy away from the minor children. This testimony is not credible. Based upon the totality of the evidence, the Magistrate finds that Tracy Mabry is in fact around these minor children, and despite Plaintiff's knowledge that he is a sexual predator, she continues to have a relationship with him. It is not in the children's best interest to have a relationship with an individual who has been classified as a sexual predator.
(d) The child's adjustment to the child's home, school, andcommunity.
David has adjusted to the Florida school in which he attends and has adjusted to his community as well as to his father's home. Tony and Ashley have always attended Celina schools and appear to be well-integrated into the school system in Celina.
(e) The mental and physical health of all persons involved inthis situation.
Both parties appear to be in good physical and mental health at this time. All three of the children also appear to be in good mental and physical health. It is acknowledged that the Defendant experienced depression problems in the past. It appears now that the parties have separated, those problems have been alleviated.
(f) The parent more likely to honor and facilitatecourt-approved parenting time rights or visitation andcompanionship rights.
The Magistrate finds that Defendant is more likely to facilitate and honor Court-approved parenting time rights and visitation and companionship rights with the minor children. He has made multiple efforts to contact the children and has brought David here so that he may visit his mother. The same is not true of the Plaintiff. In fact, she indicated in Court that Plaintiff believes it is Defendant's responsibility since he is the individual that moved to Florida.
(g) Whether either parent has failed to make all child supportpayments, including all arrearages, that are required of thatparent pursuant to a child support order under which that parentis an obligor.
There is no child support being exchanged between the parties.
(h) Whether either parent previously has been convicted of orpleaded guilty to any criminal offense involving any act thatresulted in a child being an abused child or a neglected child* * * and whether there is reason to believe that either parenthas acted in a manner resulting in a child being an abused childor neglected child.
Neither parent has been convicted or pleaded guilty to a criminal offense involving a child as a victim. However, the Magistrate finds that Plaintiff is acting in a manner resulting in the children being neglected and potentially abused in that she knowingly allows Tracy Mabry to be around her children knowing that he is a sexual predator. As recently as May 16, 2005, Judge Frederick D. Pepple from the Auglaize County Common Pleas Court denied Tracy Mabry's motion requesting that he [is] (sic) no longer be designated a sexual predator, thereby continuing to acknowledge that he is a sexual predator. The evidence further shows that the victim at the time of the offense, was less than 13 years of age, and that he forced the child into having sexual contact. It was further found that he caused physical harm to the victim. It is inconceivable under these circumstances that Plaintiff would continue to have a relationship herself with this individual, let alone allow her minor children to be around him. This is a poor choice on the part of the Plaintiff and could result in serious harm to the children.
(h) Whether the residential parent or one of the parentssubject to a shared parenting decree has continuously andwillfully denied the other parent his or her right to parentingtime in accordance with an order of the court.
Neither parent has continuously and willfully denied the other's parent's right to parenting time rights in accordance with an order of the Court.
(i) Whether either parent has established a residence, or isplanning to establish a residence, outside this state.
Defendant has established a residence outside the state and did so prior to the filing of the complaint for divorce. Florida however is the home state of the minor child David.
The Magistrate's Decision further stated:
Defendant, Wayne Oplinger is hereby named the residential andcustodial parent of the three minor children * * *.
 {¶ 8} The Order on Objections to the Magistrate's Decision filed by the trial court on January 18, 2005, stated:
[t]he Magistrate's Decision is hereby adopted by this Court.
 {¶ 9} Therefore, the trial court ordered in the January 30, 2005 Judgment Entry that:
[t]he Defendant is hereby named the residential parent andlegal custodian of the parties' three (3) minor children * * *.
 {¶ 10} After reviewing the record, we find that the trial court considered all of the necessary facts listed in R.C.3109.04(F)(1) and that there is sufficient, competent, credible evidence supporting the trial court's conclusion that the designation of Wayne as the residential parent is in the best interest of the children. Accordingly, we find that the trial court did not abuse its discretion in designating Wayne as the residential parent of the parties' minor children. Therefore, Jacquelyn's sole assignment of error is overruled. For these reasons, the judgment of the Common Pleas Court of Mercer County, Ohio is affirmed.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.