[Cite as *In re A.R.*, 2011-Ohio-6571.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                              |   |                                  |
|------------------------------|---|----------------------------------|
|                              |   | JUDGES:                          |
| IN THE MATTER OF:            | : | Hon. W. Scott Gwin, P.J.         |
| A.R. (D.O.B. 10-21-97)       | : | Hon. Sheila G. Farmer, J.        |
| Z.R. (D.O.B. 7-15-06)        | : | Hon. John W. Wise, J.            |
|                              | : |                                  |
|                              | : |                                  |
|                              | : | Case No. 2011-CA-00196           |
|                              | : |                                  |
|                              | : |                                  |
|                              | : | O P I N I O N                    |


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
                              Common Pleas, Juvenile Division, Case
                              No. 2009-JCV-01483

JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       December 19, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

LISA A. LOUY                          MELODY L. BRIAND
Stark County Job & Family Services    Public Defender's Office
221 Third Street. S.E.                200 Tuscarawas Street W., Ste. 200
Canton, OH  44702                     Canton, OH 44702

*Gwin, P.J.*

{1} Appellant T.R., the biological mother of A.R., age 14 and Z.R., age 5, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated appellant's parental rights and granted permanent custody of the two children to Stark County Job & Family Services (SCJFS). Appellant assigns two errors to the trial court:

{2} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH MOTHER-APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{3} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTEREST OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{4} On November 24, 2009, SCJFS filed its initial complaint seeking temporary custody of the two children, alleging they were dependent, neglected, and/or abused. At the shelter care hearing, the court placed the children in the emergency temporary custody of relatives with protective supervision by SCJFS. On January 28, 2010, the court found the children to be dependent and continued its temporary orders. The court approved and adopted the case plan SCJFS had devised to reunite the family.

{5} On September 28, 2010, the court granted SCJFS temporary custody of the children and they were placed in a foster home. On April 20, 2011, SCJFS filed the

motion for permanent custody of the children. On August 9, 2011, the Juvenile Court issued its judgment entry terminating appellant's parental rights and responsibilities and granting permanent custody of the two children to SCJFS.

{6} The right to raise one's child is an essential and basic civil right. *In Re: Murray* (1990), 52 Ohio St. 3d 155, 157, 556 N.E.2d 1169, quoting *Stanley v. Illinois* (1972), 405 U.S. 645. A parent has a fundamental interest in the care, custody and management of her child. *Santosky v. Kramer* (1982), 455 U.S. 745. The permanent termination of a parent's rights has often been called the family law equivalent of the death penalty, and as such, courts must afford every procedural and substantial protection the law allows to the parents. *In Re: Smith* (1991), 77 Ohio App. 3d 1, 16. The controlling principle to be observed, however, is the ultimate welfare of the child. *In Re: Cunningham* (1979), 59 Ohio St. 2d 100, 106, 391 N.E. 2d 1034.

{7} A trial court's decision to grant permanent custody of a child to a public children's services agency must be supported by clear and convincing evidence. Our Supreme Court has defined clear and convincing evidence as proof that produces in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118.

{8} Both of appellant's assignments of error allege the court's decision is not supported by the manifest weight and sufficiency of the evidence. Our standard of reviewing the decision of a trial court in a permanent custody matter is to review the entire record and determine whether there is sufficient competent and credible evidence to support the judgment rendered by the trial court. *Seasons Coal Company v. Cleveland* (1984), 10 Ohio St. 3d 77, 80, 461 N.E. 2d 1273. *Trickey v. Trickey* (1952),

158 Ohio St. 9, 13, 106 N.E. 2d 772. The trial court must resolve disputed issues of fact and weigh the testimony and credibility of the witnesses. *Bechtol v. Bechtol* (1990), 49 Ohio St. 3d 21, 23, 550 N.E. 2d 178. We defer to the trial court's discretion because the trial court had the opportunity to observe the witnesses and parties in weighing the credibility of the proffered testimony in a way a reviewing court cannot. Thus, our standard of review is the abuse of discretion standard. The Supreme Court has frequently defined the term abuse of discretion as demonstrating the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219, 450 N.E. 2d 1140.

I.

{9} In her first assignment of error, appellant argues the trial court erred in finding the children cannot or should not be placed with her within a reasonable time.

{10} R.C. 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:

{11} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{12} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period

ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{13} "(b) The child is abandoned.

{14} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{15} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."

{16} R.C. 2151.414(D) lists the factors a court should consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. The statute states in pertinent part:

{17} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.

{18} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes

the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;

**{19}** ***

**{20}** "(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.

**{21}** ***

**{22}** "(16) Any other factor the court considers relevant."

**{23}** The trial court made ten findings of fact with regard to whether the children can be or should be placed with appellant within a reasonable time. The court found the original concerns which necessitated the removal of the children from appellant's custody were domestic violence, drug use, housing issues, and mental health issues. The court found SCJFS prepared a case plan which was adopted by the court on January 28, 2010. The case plan required appellant to submit to a parenting evaluation at the Northeast Ohio Behavioral Health, and to follow the recommendations made by the evaluator. Appellant was to obtain a Quest evaluation and follow recommendations. Appellant was to secure independent appropriate housing and employment and complete Goodwill Parenting classes.

{24} The trial court found appellant had completed the parenting assessment at Northeast Ohio Behavioral Health, but had not followed the recommendations. Appellant had completed a Quest evaluation but had relapsed and continues to abuse alcohol and marijuana. The court noted her continued failure to drop positive urines has resulted in no contact with her children for over a year. The court found appellant was living with a friend, but had neither housing on her own nor any employment. The court found appellant attends the Crisis Center in an attempt to address her depression over the loss of her children.

{25} The court found the concerns which had necessitated removal of the children from appellant's custody had not been remedied. The court found appellant has long term mental and drug issues, and her prognosis is poor. The court found despite SCJFS's reasonable efforts to assist her, appellant had failed continuously and repeatedly to substantially remedy the conditions which were the basis for the children's removal from the home.

{26} The court also found the children had been in the custody of SCJFS for twelve months out of the last twenty-two consecutive months as of the hearing date of August 9, 2011.

{27} At the outset, we find the trial court was incorrect in finding the children had been in the custody of the agency for twelve months out of the last twenty-two consecutive months. The record demonstrates SCJFS received temporary custody of the children on September 28, 2010, and the agency filed its motion for permanent custody on April 20, 2011. The Supreme Court has cautioned that when calculating the length of time children have been in an agency's custody, the time that passes between

the filing of the motion for permanent custody and the permanent custody hearing does not count towards the twelve-month period set forth in RC. 2151.414. *In Re: C.W.,* 104 Ohio St. 3d 163, 2004-Ohio-6411, 818 N.E. 2d 1176.

{28} The statute authorizing the court to grant permanent custody is in the disjunctive. If the child has not been in the temporary custody of the agency for the prescribed time, then the court may review whether the children cannot and should not be placed with either of the parents within a reasonable time.

{29} Appellant argues first, appellant was not prosecuted for domestic violence and the case plan did not address any concerns about it. Regarding housing, appellant argues the case worker did not thoroughly investigate the arrangement between appellant and her friend, and in fact, appellant's housing arrangement with her friend was stable. Appellant admits continuing to use marijuana but asserts SCJFS did not refer her for further treatment when she relapsed after completing the Quest Program. Appellant argues the case worker knew she used marijuana as a coping mechanism for stress, but the case worker did not attempt to alleviate the stress generated by the removal of the children. Appellant argues the case worker's testimony that she had not complied with counseling was not credible, and appellant did in fact comply and takes her medication. Finally, appellant urges the trial court relied too much on Dr. Thomas' testimony that appellant's prognosis was poor, because Dr. Thomas had not consulted with appellant's treatment provider.

{30} It is apparent that the trial court simply did not believe appellant made sufficient timely efforts to remedy the conditions in her home. We find there is sufficient, competent and credible evidence in the record from which the court could conclude by

clear and convincing evidence the children could not and should not be placed with her within a reasonable time.

{31}    The first assignment of error is overruled.

II.

{32}    In her second assignment of error, appellant argues the trial court erred in finding the best interest of the minor children would be served by granting permanent custody to SCJFS.

{33}    R.C. 2151.414(D) sets out the factors a court should consider in determining the best interest of the child. The relevant factors are:

{34}    "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

{35}    "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{36}    "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

{37}    "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{38}    ***"

{39} The trial court made eleven findings of fact with regard to the best interest of the children. The court found neither child has any special physical, educational, or medical issues but the younger child has some behavioral issues. The court found no relative placement options have been provided. The court found there was minimal bond between appellant and the older child, but there is a bond with the younger child. The court found appellant had failed to visit or call about the children because she was involved in drugs. The court found the children are extremely bonded to one another, and should remain together for purposes of adoption. The court found the parents of the children are either unable or unwilling to provide a safe and stable environment for them, and the guardian ad litem has recommended permanent custody be granted to SCJFS. The court found the children are in a stable foster home, and the older child has expressed her desire not to return to her mother. The trial court found it was in the best interest of the children to grant permanent custody to SCJFS so they could be adopted. The court found the children deserved the opportunity for a stable life in which they can thrive and grow and become fully functioning members of society.

{40} Appellant argues because the agency denied her any contact with the children, the trial court could not have clearly determined whether appellant and the children interacted in a positive manner. Appellant argues the trial court relied on information provided to the children's counselor and the testimony of the case worker regarding one single visit. There was testimony the younger child expressed a desire to return home and wanted to be reunited with appellant.

{41} During the pendency of the motion for permanent custody, appellant moved to extend the temporary custody order so she could continue to work on her

case plan and reunify her family. Appellant asserts reunification with her is in the children's best interest, and the trial court erred in finding they should be adopted.

**{42}** We have reviewed the record, and we find there was sufficient, competent and credible evidence presented from which the trial court could determine by clear and convincing evidence it was in the best interest of these children for permanent custody to be awarded to SCJFS so they could be adopted.

**{43}** The second assignment of error is overruled.

**{44}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE

WSG:clw 1205

[Cite as *In re A.R.*, 2011-Ohio-6571.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:
A.R. (D.O.B. 10-21-97)
Z.R. (D.O.B.  7-15-06 )                        :
                                               :
                                               :
                                               :
                                               :
                                               :
                                               :          JUDGMENT ENTRY
                                               :
                                               :
                                               :
             Defendant-Appellee     :          CASE NO. 2011-CA-00196


      For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.

Costs to appellant.


                                            _____
                                            HON. W. SCOTT GWIN


                                            _____
                                            HON. SHEILA G. FARMER


                                            _____
                                            HON. JOHN W. WISE