[Cite as *In re H.N.M.*, 2019-Ohio-1601.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

IN THE MATTER OF: H.N.M.  :  **O P I N I O N**

 :

 CASE NO.  2018-P-0026

Civil Appeal from the Portage County Court of Common Pleas, Juvenile Division.
Case No. 2017 JCC 306.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Brandon J. Wheeler*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee Portage County Department of Job and Family Services).

*Thomas Grist*, 925 Creekview Drive, Aurora, OH 44202 (For Appellee Tristan T. Messner).

*Nancy E. Grim*, Nancy Grim LLC, 247 North Water Street, Suite B, Kent, OH 44240 (For Appellee H.N.M.).

*Neil P. Agarwal*, 3732 Fishcreek Road, Suite 288, Stow, OH 44224-4379 (For Appellant Abigail G. Brezovsky).

*Rebecca R. Grabski*, 206 South Meridian Street, Suite B, Ravenna, OH 44266 (Guardian ad litem).

TIMOTHY P. CANNON, J.

{¶1} Appellant-Mother Abigail G. Brezovsky appeals a judgment in the Portage County Court of Common Pleas, Juvenile Division, overruling her objections to the

magistrate's decision, which awarded legal custody of H.N.M. (d.o.b. 12/07/2006) to Appellee-Father Tristan T. Messner ("Tristan"). The principal issue is whether the trial court's judgment granting legal custody of the child to father was supported by competent, credible evidence. Upon review of the record, the trial court's conclusions concerning the best interest of the minor child are supported by competent, credible evidence. Accordingly, we affirm the judgment.

{¶2} Appellee Portage County Department of Job and Family Services ("PCDJFS") filed a complaint on March 31, 2017, seeking temporary custody of appellant's four children, including H.N.M., born December 7, 2006. Tristan, H.N.M's father, is not the father of the other three children. The complaint was based on allegations that one of the children, age 2, was found outside the home unsupervised in a diaper, appellant's home was "a deplorable mess," and officers arrived to find appellant in the home asleep. That same day, Attorney Nancy Grim was appointed guardian ad litem of all four children.

{¶3} At the shelter care hearing on April 5, 2017, all four children were removed and placed in the temporary custody of PCDJFS. An adjudicatory hearing was held on April 13, 2017, whereby H.N.M. and the other three children were determined to be dependent. The trial court also continued the order of interim pre-dispositional custody of all four children to PCDJFS. Further, PCDJFS implemented a case plan with the goal of reunification, which the trial court adopted and made binding upon the parties.

{¶4} On May 9, 2017, Tristan filed a motion for legal custody of his daughter, H.N.M. At the hearing on his motion on June 6, 2017, appellant objected to proceeding on the motion without the appointment of a separate guardian ad litem ("GAL") due to

appellant's belief that a conflict had arisen between H.N.M.'s wishes and the current GAL's recommendation. GAL Grim recommended granting temporary custody to Tristan. Further, she testified that H.N.M. expressed her desire to ultimately be returned to appellant, but because that was not an option at the June 6, 2017 hearing, she preferred to be placed with Tristan rather than her current placement with Tristan's mother. Neither the trial court nor the GAL found a conflict to exist at that time based on those circumstances, and the court granted temporary custody to Tristan with an order of protective supervision granted to PCDJFS.

{¶5} On June 8, 2017, appellant filed her motion for legal custody of all four children. On September 12, 2017, Tristan filed a motion for legal custody and termination of the case with regard to H.N.M. Meanwhile, the trial court granted GAL Grim's motion to withdraw as GAL due to a conflict—filed after the temporary custody determination— and appointed Rebecca Grabski as GAL for the children. Attorney Grim remained as counsel for the children.

{¶6} On October 26, 2017, the trial court conducted a hearing on the competing motions for legal custody of H.N.M. Appellant was awarded, by stipulation, legal custody of the other three children. At the hearing, the trial court heard testimony from Tristan, appellant, Tristan's mother, the PCDJFS social worker assigned to the case, appellant's counselor, a representative at Portage County Child Support, and the GAL. Evidence of H.N.M.'s academic history and her relationship with Tristan was also submitted for the record.

{¶7} On November 8, 2017, the magistrate issued a decision recommending an award of legal custody of H.N.M. to Tristan and terminating the case. Appellant filed

3

objections to the magistrate's decision on November 21, 2017, which were heard by the trial court on March 2, 2018. The trial court overruled the objections and issued a journal entry adopting and affirming the magistrate's decision.

{¶8} Appellant filed a timely notice of appeal and raises the following assignment of error for our review:

{¶9} "The trial court committed reversible error in awarding custody of H.N.M. to Father, as it was against the manifest weight of the evidence."

{¶10} The issue presented for review under this assignment of error states:

{¶11} "Did the trial court properly overrule Mother's objections to the magistrate's decision in awarding legal custody of H.N.M. to Father?"

{¶12} Normally, an award of legal custody is reviewed for an abuse of discretion. "A juvenile court's grant of legal custody is reviewed under an abuse of discretion standard." *In re Yates*, 11th Dist. Geauga No. 2008-G-2836, 2008-Ohio-6775, ¶32 (citations omitted). In addition, we normally review a trial court's overruling of objections and adoption of a magistrate's decision for an abuse of discretion. *Davis v. J & J Concrete*, 11th Dist. Trumbull No. 2018-T-0074, 2019-Ohio-1407, ¶18.

{¶13} As noted above, however, the assigned error is that the decision of the trial court is against the manifest weight of the evidence. The Supreme Court of Ohio has stated, in *Bechtol v. Bechtol*, 49 Ohio St.3d 21, syllabus (1990), "[w]here an award of custody is supported by a substantial amount of credible and competent evidence, such an award will not be reversed as being against the weight of the evidence by a reviewing court." The court later clarified there is no longer a distinction between the civil and criminal manifest weight standards. *Eastley v. Volkman*, 132 Ohio St.3d 328, 330 (2012)

4

resolved, "[the Ohio Constitution] does not distinguish between criminal and civil jury trials" in the applicable standard for a challenge to the weight of the evidence. *Id.*

{¶14} In applying the manifest weight of the evidence standard, the appellate court """"weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."""" *Id.* at ¶20; quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001); quoting *Thompkins*, *supra*, at 387; quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "'Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact.'" *In re D.H.*, 11th Dist. Ashtabula No. 2017-A-0081, 2018-Ohio-630, ¶18, quoting *In re West*, 4th Dist. Athens No. 05CA4, 2005-Ohio-2977, ¶37.

{¶15} Courts look to best interest factors contained in R.C. 3109.04(F) when determining the best interest of a child. That statute states, in pertinent part:

> (1) In determining the best interest of a child pursuant to this section * * * the court shall consider all relevant factors, including, but not limited to:
>
> (a) The wishes of the child's parents regarding the child's care;
>
> * * *
>
> (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
>
> (d) The child's adjustment to the child's home, school, and community;
>
> * * *

5

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication * * *.

{¶16} In determining custody under R.C. 2151.353, the juvenile court "'should consider the totality of the circumstances, including, to the extent they are applicable, the best interest factors set forth in R.C. 3109.04(F).'" *In re Memic*, 11th Dist. Lake Nos. 2006-L-049, *et seq.*, 2006-Ohio-6346, ¶26 (citation omitted). "However, there is 'no statutory mandate that they be expressly considered and balanced together before fashioning an award of custody under R.C. 2151.353(A)(3).'" *In re Mitchell*, 11th Dist. Lake Nos. 2002-L-078 & 2002-L-079, 2003-Ohio-4102, ¶14, citing *In re Pryor*, 86 Ohio App.3d 327, 336 (4th Dist.1993).

{¶17} A review of the trial court record, including a transcript of the October 26, 2017 motion hearing, reveals that the trial court was presented with an abundance of competent, credible evidence with which to support the determination that a grant of legal custody to Tristan was in the best interest of H.N.M. The following evidence was submitted in support of a grant of legal custody to Tristan:

1. Tristan was currently foregoing employment and remaining at home with H.N.M. to provide her with more attention and emotional support.

6

2. It was the wish of H.N.M., as expressed to multiple witnesses who testified at the hearing, that she be placed with Tristan.

3. Evidence was submitted reflecting that attendance and academic performance had substantially improved for H.N.M. since being placed with Tristan and that she is thriving.

4.Both the GAL and PCDJFS recommended that legal custody be granted to Tristan.

5. H.N.M. was removed from appellant's custody following an incident of domestic violence involving appellant's paramour, who frequented the household.

6. Appellant had previously expressed opposition to allowing Tristan to visit or otherwise speak with his daughter.

7. H.N.M.'s mental, physical, and social health have improved and continue to improve since being placed with Tristan.

{¶18} Given this competent and credible evidence, we find the decision by the trial court in adopting the magistrate's decision and entering an order of legal custody was not against the manifest weight of the evidence. The trial court's findings are supported by the transcript and the recommendation of the GAL and PCDJFS.

{¶19} Appellant's sole assignment of error is without merit.

{¶20} The judgment of the Portage County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.