[Cite as *Hughey v. Hughey*, 2022-Ohio-3791.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

JEREMY HUGHEY,                          :

    Plaintiff-Appellee,            :     CASE NO. 21CA13

    v.                             :

CRYSTAL HUGHEY,                         :     DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.           :

_____

APPEARANCES:

James R. Kingsley, Circleville, Ohio, for Appellant.

James K. Hill, Circleville, Ohio, for Appellee.

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED:10-19-22
ABELE, J.

{¶1} This is an appeal from a Pickaway County Common Pleas Court judgment that designated Jeremy Hughey, plaintiff below and appellee herein, the residential parent and legal custodian of the parties' children. Crystal Hughey, defendant below and appellant herein, appeals that judgment and assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
WHEN IT DID NOT ADOPT A SHARED PARENTING
PLAN."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR
WHEN IT DID NOT GRANT CUSTODY/NOMINATE
APPELLANT RESIDENTIAL PARENT/LEGAL CUSTODIAN
OF THE MINOR CHILDREN."

{¶2} In 2010, the parties met in North Carolina, then married in 2011. Two children are the issue of the marriage, Kayden (DOB April 11, 2011) and Hunter (DOB November 21, 2012). The parties separated in 2013 or 2014, and, on February 13, 2019, appellee filed a complaint for divorce. Subsequently, appellant also filed for divorce, but later voluntarily dismissed her complaint.

{¶3} The parties' parental rights formed the central issue before the trial court. During the course of the evidentiary hearing, both parties adduced evidence to support their version of facts that portrayed them as most suited to serve as their children's residential parent. Initially, we observe that the evidence revealed that, although both parties have had very challenging lives, both have improved their respective situations and demonstrate love and care for their children.

{¶4} After hearing the evidence, the magistrate recommended that appellee be awarded custody of the children and appellant be granted visitation. However, after the trial court's review of objections, the court remanded the matter to the magistrate

to address additional issues and to set forth a more thorough discussion of applicable facts and law. On remand, the magistrate did include additional material in the recommendation, but reached the same result. After a second review, the trial court accepted the magistrate's recommendation and awarded appellee custody of the children and granted appellant visitation. This appeal followed.

I.

{¶5} In her first assignment of error, appellant asserts that, although the trial court did consider, and reject, her shared parenting request, it appears that the court did not consider appellee's shared parenting request. Instead, the court designated appellee the children's residential parent. Appellant now argues that the trial court had an affirmative duty to consider both requests for shared parenting. See R.C. 3109.04(D).

{¶6} After the parties briefed this matter, and on the morning of oral argument, appellant raised the issue of appellee's request for shared parenting and the absence of any trial court determination with respect to that request. At that juncture, appellee (1) conceded that the trial court may not have fully considered, or been aware of, appellee's shared parenting request, and (2) agreed that the trial court should

have the opportunity to review and consider appellee's proposed shared parenting plan prior to final judgment. This court very much appreciates appellee's candor in this matter and we certainly understand how matters can be overlooked, especially during the course of contentious and lengthy custody proceedings.

{¶7} Consequently, for this reason alone we sustain appellant's assignment of error, reverse the trial court's custody determination and remand the matter to allow the court to consider both shared parenting requests. We hasten to add, however, that our disposition should not be considered in any manner whatsoever as a comment on the merits of the parties' arguments and the trial court's final determination.

II.

{¶8} In her second assignment of error, appellant asserts that the trial court's custody determination constitutes an abuse of discretion because the court did not "properly assess and give weight to all relevant factors." In particular, appellant argues that the court failed to take into account certain allegations raised during the contested hearing, including, inter alia, false accusation of sexual abuse, prior criminal convictions, abduction of the children, spousal abuse syndrome, the failure to facilitate visitation and appellant's

PICKAWAY, 21CA13

role as the primary caregiver.  Appellee, however, sets forth a vastly different view of the evidence adduced at the hearing and points to the many conflicts in the evidence that the trial court had to resolve.

{¶9}  At the outset, we recognize that the case sub judice involves a contentious relationship between appellant and appellee, who both appear to genuinely love and care about their minor children's well-being.  After the trial court heard the evidence, the court attempted to grapple with the difficult issue of parental custodial rights, with the children's best interest serving as the court's paramount consideration.  We also recognize and emphasize that decisions in child custody matters are among "the most difficult and agonizing decisions a trial judge must make."  *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).  Again, this is especially true in situations when two loving, caring parents are sincere in their effort to act in their children's best interest.

{¶10} Consequently, trial judges must have wide latitude to consider all the evidence and a custody determination must not be reversed absent an abuse of discretion.  *Id.*, citing *Miller v. Miller,* 37 Ohio St.3d 71, 523 N.E.2d 846 (1988).  The Supreme Court of Ohio has explained:

The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page.

* * *

This is even more crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.

*Davis,* 77 Ohio St.3d 415, at 418-419.

**{¶11}** Thus, in determining custody matters, a trial court is vested with broad discretion and will be reversed only upon a showing of an abuse of that discretion. *Pater v. Pater* (1992) 63 Ohio St.3d 393, 396, 588 N.E.2d 794. An abuse of discretion implies that a court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶12}** When making a custody determination, a trial court's primary concern must be the child's best interest. R.C. 3109.04(B)(1); *In the Matter of J.S.*, 4th Dist. Meigs No. 18CA24, 2019-Ohio-4959, ¶ 12, *In the Matter of A.B.*, 2019-Ohio-90, 128 N.E.3d 694, ¶ 39 (4th Dist.). A court must consider all relevant factors related to the child's best interest, including, but not limited to, those factors specified in R.C. 3109.04(F)(1).[1] To determine if a court has abused its

---

[1] R.C. 3109.04(F)(1) provides the framework for

---

analysis and states that to determine a child's best interest, a court must "consider all relevant factors, including, but not limited to," the following:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the

discretion, an appellate court must examine the facts and

applicable law and determine whether the court's decision is

unreasonable, arbitrary or unconscionable. *Blakemore.* When a

substantial amount of credible and competent evidence supports a

custody award, a reviewing court will not reverse the trial

court's determination. *Bechtol v. Bechtol,* 49 Ohio St.3d 21,

550 N.E.2d 178 (1990), syllabus.

**{¶13}** In the case sub judice, the parties presented, and the

trial court considered, all relevant factors from the evidence

adduced at the hearing in its attempt to determine the relative

---

Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(I) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

stability of each household and the children's best interest. Once again, we emphasize that, in general, and especially in contested child custody matters, a trial court is in the best position to weigh evidence. *Hammond v. Harm*, 9th Dist. Summit No. 23993, 2008-Ohio-2310, ¶ 51; *Blausey v. Blausey*, 6th Dist. Ottawa No. OT-18-039, 2019-Ohio-4506, ¶ 14. Further, a trial court has discretion to determine which factors are relevant, and each factor may not necessarily carry the same weight or have the same relevance, depending on the facts presented to the trial court. *Krill v. Krill,* 3d Dist. Defiance No. 4-13-15, 2014-Ohio-2577, ¶ 29, citing *Brammer v. Brammer,* 3d Dist. Marion No. 9-12-57, 2013-Ohio-2843, ¶ 41; *Hammond* at ¶ 51. It is also important to recognize that, although appellant argues that in the case at bar the consideration of certain factors in isolation may suggest a certain result, trial courts must instead consider all relevant factors and determine what, on the whole, is in the best interest of a child. *Terwilleger v. Cole-Robinson* (Feb. 4, 2000), Paulding App. No. 11-99-10. Here, the trial court considered all of the relevant factors. Furthermore, it is important to again emphasize that, when a court makes a child custody determination, a child's best interest is the primary consideration, not a particular parent's best interest.

{¶14} Therefore, in the case sub judice, and after our review of the record, we do not believe that the trial court abused its discretion when it designated appellee the children's residential parent and awarded appellant visitation.  Thus, we overrule appellant's second assignment of error.  However, in light of the disposition of appellant's first assignment of error, we remand this matter for further proceedings consistent with this opinion.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment is affirmed in part, reversed in part, and cause remanded for further proceedings

consistent with this opinion.  Appellant and appellee shall equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.